PENDLEY *et al.* v. THE STATE. THE SAME v. THE SAME.

1. The constitution confers no jurisdiction upon the Supreme Court, save for the trial and determination of writs of error from the superior and city courts. The writ of error provided for by statute prior to the act of 1889 was abolished by that act, and a new and different one prescribed, an essential part of which is a clause in the judge's certificate showing that the bill of exceptions specifies all of the record material to a clear understanding of the errors complained of, or else that none of the record is material.

2. Though the sole error complained of be the denial of a motion in arrest of judgment, a legal writ of error is requisite to bring up any part of the record below, and to give this court jurisdiction to entertain the case.

3. It is not the duty of the judges of the superior or city courts to prepare or correct certificates to bills of exceptions, but only to

sign such as are presented to them when they are in the form prescribed by statute. The remedy to have the certificate signed when it is both true and in proper form is by *mandamus*. Any other certificate may be treated as none at all.

May 6, 1891.

Practice in Supreme Court.

Reported in the decision.

GLENN & MADDOX, W. T. DAY and E. L. DARNELL, for plaintiff in error.

GEORGE R. BROWN, solicitor-general, HARRISON & PEEPLES and F. C. TATE, *contra*.

BLECKLEY, Chief Justice.

1. The motion to dismiss the writ of error in each of these cases must be granted. By the constitution this court is one " for the trial and determination of writs of error from said superior and city courts." Code, §5133. Save by writ of error, it has no jurisdiction whatever. The act of 1889 (pamphlet p. 114) declares "that no case shall be taken to the Supreme Court by bill of exceptions except in the following manner." It proceeds to specify the manner, and in so doing says that the judge "shall require the clerk to send up only so much of the record as he may certify is material." It prescribes the form of the certificate, and according to that form one of the facts to which the judge must certify is that the bill of exceptions " specifies all of the record material to a clear understanding of the errors complained of." The order which is to be given to the clerk in the certificate is "to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such and cause the same to be transmitted," etc. The certificate of the judge to the bill of exceptions is the only writ of error provided for by the law, and consequently if the certificate does not substantially comply with the requirements of the statute, there

is no writ of error at all and this court has no juris-
diction of the case unless defects in the writ are waived
either expressly or by acquiescence.

In each of these cases the certificate is in the form
prescribed in §4252 of the code; that is, it would have
been a good statutory writ of error under the law as it
stood prior to the act of 1889. Tested by that act, it
has two defects: it fails to certify that the bill of ex-
ceptions specifies all of the record material to a clear
understanding of the errors complained of, and, instead
of ordering the clerk to make out and transmit a
copy of such parts of the record as are in the bill of
exceptions specified, it orders him to make out and
transmit "a complete copy of the record of said case."
The statute contemplates that the judge shall consider
and decide the question as to what parts of the record
are material, and that he shall limit his direction to the
clerk to such parts only. It is enough to say that by
the act of 1889 the legislature has abolished such writs
of error as have been sued out and issued in the two
cases now before us, and in prescribing an exclusive
mode of bringing cases to this court has ordained a
writ of error substantially different. Without first de-
termining that the bill of exceptions specifies all of
the record material to a clear understanding of the
errors complained of, or that none of it is material, the
judge has no authority to issue a writ of error. The
judge has no legal authority for ordering the clerk to
send up more or less of the record than he himself cer-
tifies to be material, and the clerk has no authority to
send up more or less than the judge orders him to send.
In these cases the clerk has not attempted to comply
with the judge's order, but has undertaken to overleap
that order and guide himself independently of it by
the specifications in the bill of exceptions, his certificate
being in each case "that the above and foregoing is a

true and correct transcript of the record in the above stated case as asked for by bill of exceptions filed by defendant's counsel." The clerk does not assure us, as he was commanded by the judge's order to do, that we have "a complete copy of the record of said case," and the judge does not assure us that what the clerk has sent up is all of the record material to a clear understanding of the errors complained of. As verification of this latter proposition we have only the specifications made by counsel in the bill of exceptions. The counsel and the clerk have worked in harmony, but without any co-operation of the judge in verifying the accuracy or exhaustiveness of their selection.

2. In the argument of the motion to dismiss, counsel sought to draw a distinction between the two cases as to the materiality of the judge's certificate in respect to its compliance with the requirements of the statute. One of the bills of exceptions being founded on the denial of a motion for a new trial, and the other on the denial of a motion in arrest of judgment, it was contended that the certificate to the latter was sufficient because this court could and would know judicially that the parts of the record specified in the bill of exceptions, to wit, the bill of indictment, the verdict, the motion in arrest with the entries thereon, and the order overruling the motion, are all the parts of the record that could be material to a clear understanding of the error complained of. To this we reply that, until jurisdiction is acquired by this court through a legal writ of error, we can take no judicial notice of any record whatever or of its contents. Without a writ of error, the clerk had no authority for sending to this court anything as a copy of the indictment, verdict, motion in arrest or judgment on that motion. The writ of error is a jurisdictional writ, and when the attention of this court, by a motion to dismiss, is called to the fact that no legal writ has been issued and we find that sug-

gestion to be true, it is the right of the defendant in error to have the defective writ dismissed. That is the limit of any proper authority which this court has to deal with the case.

3. Another contention of counsel, applicable alike to both cases, was that the failure of the judge to certify in conformity to the statute was the default of a public officer, for which the plaintiffs in error were in no respect responsible, and that they ought not to suffer for his misfeasance. Two sufficient answers may be made to this contention. The first is, that no court can exercise jurisdiction over a case in the absence of a necessary writ because some other court or officer should have issued it but did not. And the second is, that, according to the regular course of practice in this State, it is not the duty of a judge who certifies a bill of exceptions to prepare the certificate, but the duty of counsel to prepare it and present it to him for signature. The manual labor of writing out the certificate is not cast upon the judge and he could not be compelled by *mandamus* or otherwise to perform it. But if counsel should present to him for signature a proper certificate annexed to a true and correct bill of exceptions, the judge could be compelled to sign it, or at all events his refusal to sign in obedience to a *mandamus* applied for and issued in due time would not be allowed to work any prejudice to the party. Code, §4258. And a signing by the judge of a certificate not authorized by law is the same as signing none. If he has done this at the instance of counsel for the plaintiffs in error, the judge is in no fault except that of doing officially a vain and idle act. If on the other hand he does it, not at the instance of counsel or client, but of his own motion, the counsel may treat it as equivalent to not signing at all, and resort to *mandamus*, the same as if signature had been withheld or refused. *Anderson v. Faw*, 79 *Ga.* 558.        *Writs of error dismissed.*