GILMORE *v.* THE GEORGIA RAILROAD & BANKING COMPANY.

Where, after a judgment of nonsuit in the superior court and after the plaintiff had carried the same to the Supreme Court by writ of error, he brought another action for the same cause in the superior court whilst the writ of error was pending, the defendant could not, after the plaintiff had withdrawn the writ of error, urge these facts successfully by plea in abatement to the second action. By withdrawing his writ of error the plaintiff conclusively admitted that there could be no recovery thereon in his favor, and the affirmance of the judgment excepted to was a necessary legal result. The admission in this instance was in accordance with the fact, for the writ of error was so defective that it could not have withstood a motion by the defendant in error to dismiss it.

November 27, 1893.

Action for damages. Before Judge RONEY. Columbia superior court. September term, 1892.

Gilmore sued the railroad company on March 15th, 1891. The company filed a plea in abatement. In evidence appeared the record of a suit by the same plaintiff against the same defendant for the same cause of action, filed in the same court on March 3d, 1888, together with a judgment of nonsuit granted at the September term, 1890. To this judgment the defendant excepted and brought the case to the Supreme Court, but the judge's certificate to the bill of exceptions was in the form set out in section 4252 of the code, instead of that prescribed by the act of 1889. In this court the plaintiff was allowed to withdraw the writ of error on March 16, 1891; the judgment below was thereby affirmed, and

the remitter issued accordingly.   The case having been submitted to the judge without a jury, he sustained the plea and ordered the case to be dismissed.   The plaintiff moved for a new trial on the general grounds.   The motion was overruled, and he excepted.

John T. West, for plaintiff.   J. B. Cumming, M. P. Reese, and Bryan Cumming, for defendant.

Bleckley, Chief. Justice.

The first suit was terminated by a judgment of nonsuit in the court below, before the second was brought. That judgment was final in its nature, and the writ of error which was pending when the second suit was commenced, was so defective that no reversal upon it could possibly have been had without an express or implied waiver of the defects by the defendant in error.   *Pendley* v. *The State,* 87 *Ga.* 186.   No such waiver took place while the writ of error was pending.   Consequently at no time previous to its withdrawal could any judgment have been rendered upon it except one of affirmance, the *pro forma* judgment always rendered when a writ of error is either dismissed or withdrawn.   In point of fact, this writ of error was withdrawn and such a judgment rendered on the day after the second action was brought, and before the plea in abatement was filed.   By withdrawing it, the plaintiff in error conclusively admitted that no recovery upon it could be had.   The judgment of affirmance consequent upon the withdrawal, took effect, not from its own date, but from the date of the judgment below, which was the subject of the affirmance.   It results that in adjudicating upon the plea in abatement, the court should have treated the first action as terminated before the second was brought.   The writ of error was too defective to create any legal extension in its term of existence.   Applying to the writ of error the principle of sec. 3476 of the code, it was

no obstacle to the second suit, that section declaring that "If the first action is so defective that no recovery can be possibly had, the pendency of the former suit will not abate the action." The court erred in sustaining the plea and dismissing the action. *Judgment reversed.*