### 22398. CANTRELL v. DAVIS.

BROYLES, C. J. 1. The pendency of a former suit for the same cause of action, between the same parties, is not a cause for the abatement of the second action, where it appears on the face of the proceedings that the first action was instituted in a court that had no jurisdiction of the subject-matter of the suit. Civil Code (1910), § 5678; *Wilson* v. *Atlanta, Knoxville & Northern Ry. Co.*, 115 *Ga.* 171 (41 S. E. 699), and cit. In such a case the general rule that the determination of the question as to the jurisdiction of a particular court is a matter solely for the decision of that court does not apply. *Where it appears on the face of the proceedings that the first action was begun in a court that had no jurisdiction of the subject-matter of the suit, the non-jurisdiction of that court can be determined by the court in which the second suit was instituted.* See *Rogers* v. *Hoskins*, 15 *Ga.* 270 (3); *Gilmore* v. *Ga. R. Co.*, 93 *Ga.* 482 (21 S. E. 50); *Wilson* v. *Atlanta &c. Ry. Co.*, supra.

2. "The municipal court of Atlanta, Fulton section, has no jurisdiction of the subject-matter of an action brought by a mother to recover a certain sum of money alleged to be due her by the defendant because of personal injuries sustained by her minor son (upon whom she was dependent for support and who contributed the amount of his wages to her support), and his death, resulting from such injuries." *Cantrell* v. *Davis*, 176 *Ga.* 745 (169 S. E. 38). For an elaboration of this ruling see the full decision of the Supreme Court, in answer to a question certified by this court.

3. Under the foregoing decision of the Supreme Court, the municipal court of Atlanta (Fulton section) has no jurisdiction to try any case "arising from injuries to the person or reputation." The instant suit was first brought in the Fulton section of the municipal court of Atlanta by a mother for the death of her son—the death resulting from personal injuries sustained by him, and it is obvious that under the provisions of the act of 1925 (Ga. L. 1925, p. 370) creating a Fulton section of the municipal court of Atlanta, the court had no jurisdiction of the subject-matter of the suit; and as all the courts of this State take judicial cognizance of the acts of the General Assembly, it was error for the judge of the city court of Decatur (the court where the second action was brought) to sustain the defendant's plea in abatement and to dismiss the suit, it appearing on the face of the proceedings that the first action was instituted in a court that had no jurisdiction of the subject-matter of the suit.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 8, 1933.

*Noah J. Stone,* for plaintiff.
*McDaniel, Neely & Marshall, Harry L. Greene,* for defendant.