### 21615. HARDIN v. HARDIN.

SUBMITTED APRIL 10, 1962—DECIDED MAY 28, 1962.

*F. H. Boney,* for plaintiff in error.

*Cook & Palmour,* contra.

GRICE, Justice. The sustaining of a general demurrer to a petition seeking to set aside a divorce and custody decree and to obtain other relief is for review here.

Millie Ruth Hardin filed her petition in the Superior Court of Chattooga County, Georgia, against Dwight Hardin, charging that the divorce and custody decree entered in his favor by the Superior Court of Floyd County was null and void, in that the last-named court lacked jurisdiction of the parties. In addition to a declaration that such decree was null and void, the plaintiff also sought to have the custody of the parties' minor child awarded to her, permanent alimony, counsel fees, and injunctive relief.

The defendant interposed demurrers and motions to strike. His general demurrer to the petition was sustained.

Although the Constitution requires that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State. . ." (Art. VI, Sec. XIV, Par. I; *Code Ann.* § 2-4901), and although this court has "repeatedly held that these provisions of the Constitution are mandatory and exhaustive, and have no qualifications which authorize jurisdiction to be conferred by consent or otherwise; and that, where both parties are residents of this State, a divorce is invalid unless the suit is brought in the county where the defendant resides," (*Musgrove v. Musgrove*, 213 Ga. 610, 100 SE2d 577), in our view the controlling factor here is that the present plaintiff, the defendant in the suit filed in Floyd County, acknowledged service of that suit. By doing so she became a party to that case. There is no allegation that at such time she was mentally incompetent, or under duress, or otherwise incapable of acknowledging service. The presumption is that the judgment rendered was based upon proper allegations and proof of jurisdiction of that court as to the parties. No fraud is alleged as to the procuring of that judgment. The defendant there, the plaintiff here, could have raised in that suit the issue of lack of jurisdiction as to her residence. By her failure to do so, that judgment became res adjudicata. Accordingly, her petition in the instant suit to set aside such judgment must fail. *Code* § 110-501.

That judgment concludes adversely the plaintiff from here obtaining the other relief sought.

Therefore, the general demurrer to her petition was properly sustained.

*Judgment affirmed. All the Justices concur.*