## 28084. EASTERLING v. EASTERLING.

Jordan, Justice. This is an appeal from the order denying the husband's motion to dismiss the wife's suit for divorce for lack of jurisdiction and holding him in contempt of court for failure to comply with the order for temporary alimony of $75 per week. The record shows that appellant and appellee lived in a trailer

home in Gwinnett County from October, 1971, until July 30, 1972, at which time appellee alleges she was severely beaten by the appellant, requiring her hospitalization for 9 days. While in the hospital on August 8, 1972, she filed a divorce action in Gwinnett Superior Court and obtained personal service on the defendant on August 25, 1972. The defendant filed an answer and a motion to dismiss for lack of jurisdiction, claiming to be a resident of Fulton County. On March 27, 1973, plaintiff brought an attachment for contempt for failure to pay temporary alimony. The motion to dismiss for lack of jurisdiction and the contempt citation came on to be heard on April 10, 1973, at which time the defendant testified that he got his work clothes and left the trailer in Gwinnett County after the altercation on July 30, 1972; that he was a construction worker and had worked and lived in Carroll, DeKalb, Clayton, Fulton, and Henry Counties within the past several months; that he left the furniture and his personal effects in the trailer; that it was his trailer, although he had been back to Gwinnett County just one time. He was asked where he was presently residing and answered "on the road," and to another question that "your residence is wherever you happen to be at the time," to which he replied, "Right." He further testified that while living in the trailer in Gwinnett County, he would always come home on the weekends. *Held:*

1. In a plea to the jurisdiction the burden is upon the defendant to establish the averments of his plea. *Pyron & Son v. Ruohs,* 120 Ga. 1060 (1) (48 SE 434); *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916). His testimony failed in this respect and the evidence clearly authorized the trial court to deny his plea to the jurisdiction.

2. Having jurisdiction of the parties the trial court did not err in holding the appellant in contempt on the basis of the evidence shown by the record.

*Judgment affirmed. All the Justices concur.*

Submitted July 13, 1973 — Decided September 6, 1973 — Rehearing denied September 19, 1973.

*William T. Brooks,* for appellant.
*Joseph E. Cheeley,* for appellee.