28020. BUFORD v. BUFORD.

Argued July 9, 1973 — Decided September 6, 1973.

*Westmoreland, Hall, Bryan, McGee & Warner, J. M. Crawford,* for appellant.

*Adams, O'Neal & Hemingway, H. T. O'Neal, Jr.,* for appellee.

Grice, Presiding Justice. The issue here relates to the venue of

a counterclaim for divorce.

It arose from the filing by Mrs. Anita Frances Buford in the Superior Court of Jones County of a complaint against Floyd Moye Buford seeking custody of the minor child of the parties, alimony for herself and the child, use of furniture and an automobile, attorney fees, and other relief not necessary to recite here.

To this complaint the husband filed several defenses.

One of these was a counterclaim against the wife for divorce and custody of the minor child. It alleged in essential part that the venue of the counterclaim is in the Superior Court of Jones County because the wife had instituted in that court an action for alimony, support and custody of the minor child, thus submitting herself to its jurisdiction to all relief sought in this counterclaim.

The husband amended his counterclaim by adding that he "is a resident of Jones County, Georgia; and that both plaintiff and defendant are residents of the State of Georgia and have been for more than six months next preceding the filing of the original complaint and this counterclaim for divorce."

The wife made a motion to strike certain portions of the husband's answer and counterclaim. The motion alleged in substance that the wife's complaint is one for alimony with no prayer for divorce and therefore the jurisdiction and venue requirements of Art. VI, Sec. XIV, Par. I (Code Ann. § 2-4901) of the Constitution of Georgia are not applicable to plaintiff's complaint; that the husband has filed a pleading which contains a prayer for divorce; that the wife is a resident of Bibb County, Georgia, and that she brings this complaint for alimony in Jones County because at the time she brought it the husband was a resident of Jones County; that a suit for divorce must be filed in the county of the residence of the defendant in the divorce action; and that the Superior Court of Bibb County and not Jones County has exclusive jurisdiction of a complaint for divorce brought by the husband in this suit against the wife.

Thereupon the trial judge overruled the wife's motion to strike the husband's counterclaim for divorce, but granted a certificate for immediate review.

The appeal is from that judgment.

The issue here, therefore, is whether the Superior Court of Jones County has jurisdiction of a counterclaim for divorce to a suit for alimony by the wife against the husband, who resides in Jones County, when the wife resides in Bibb County.

In our view the Superior Court of Jones County lacks jurisdiction

of the counterclaim for divorce.

We regard a particular venue provision of our State Constitution as compelling this conclusion.

In this connection, Art. VI, Sec. XIV, Par. I (Code Ann. § 2-4901) declares in pertinent part that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this state; if the defendant be not a resident of this state, then in the county in which the plaintiff resides. . ."

By virtue of the other paragraphs of this venue section, "Cases respecting title to land shall be tried in the county where the land lies," except where divided by a county line (Par. II, Code Ann. § 2-4902); "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." (Par. III, Code Ann. § 2-4903); "Suits against joint obligors" and the like "residing in different counties, may be tried in either county." (Par. IV, Code Ann. § 2-4904); "Suits against the maker and endorser of promissory notes," and like instruments, "residing in different counties, shall be brought in the county where the maker or acceptor resides." (Par. V, Code Ann. § 2-4905); and "All other civil cases shall be tried in the county where the defendant resides . . ." (Par. VI, Code Ann. § 2-4906).

The mandate of Art. VI, Sec. XIV, Par. I (Code Ann. § 2-4901) as to venue of divorce cases has been stressed often and strongly. For instance in *Hardin v. Hardin,* 218 Ga. 39, 40 (126 SE2d 216), we said that "this court has 'repeatedly held that these provisions of the Constitution are mandatory and exhaustive, and have no qualifications which authorize jurisdiction to be conferred by consent or otherwise; and that, where both parties are residents of this State, a divorce is invalid unless the suit is brought in the county where the defendant resides,' ( *Musgrove v. Musgrove,* 213 Ga. 610 (100 SE2d 577)). . ."

The wife's suit here, which was for alimony and other relief not including divorce is governed by Par. VI (Code Ann. § 2-4906). By filing it in Jones County she complied with the venue provisions of the Constitution.

But the husband's counterclaim for divorce is controlled by Par. I (Code Ann. § 2-4901). The filing of it in Jones County by counterclaim against the wife in her pending suit there was not in compliance with the constitutional mandate that the divorce case be brought in the county where the wife resides, which is Bibb County.

This noncompliance by the husband cannot be excused upon the

theory that the wife, by filing her alimony suit against the husband in Jones County, submitted herself to the jurisdiction of the superior court of that county. The venue requirement of the Constitution cannot be waived. There is no statute which purports to do so. The Civil Practice Act provides that it "shall not be construed to extend or limit the jurisdiction of the courts or the venue of actions therein." Ga. L. 1966, pp. 609, 670 (Code Ann. § 81A-182). Even if there is a conflict between an Act of the General Assembly and a provision of the Constitution, the latter would of course prevail.

A different result is not permissible because of any inconvenience resulting from the wife's pending alimony suit in Jones County and of any separate divorce suit which may be brought by the husband in Bibb County. Our duty is to construe and apply the Constitution as it is now written. Any necessary change can be effected by the citizens of this state.

For the foregoing reasons the denial of the motion to dismiss was error.

*Judgment reversed. All the Justices concur, except Jordan and Ingram, JJ., who concur specially.*

JORDAN, Justice, concurring specially. I specially concur in the judgment solely upon the theory that the venue requirement of the Constitution cannot be waived. The result reached, however, clearly indicates to me the desirability for changing the constitutional provisions relating to venue in divorce and alimony cases. There should be a provision whereby either party to a marriage who brings an action for alimony and custody of a minor child in the county of the other party's residence, such defendant would be allowed to counterclaim for a divorce and custody, as were the facts in the instant case. In this day of crowded court calendars, we simply cannot afford the luxury of allowing the same parties to have two separate trials being conducted at the same time in two different jurisdictions dealing with substantially the same subject matter. Such a constitutional amendment would be in line with the intent and purpose of the Civil Practice Act which provides, "the provisions of this title shall be construed to secure the just, speedy, and inexpensive determination of every action." Code Ann. § 81A-101.

I am authorized to state that Justice Ingram concurs in what is said above.