## 29403. REYNOLDS v. REYNOLDS.

GUNTER, Justice.

This is an interlocutory appeal, certified for review, from a judgment that denied appellant's plea to the jurisdiction of the court in a divorce and alimony case.

The matter of the jurisdiction of the court was submitted to the trial judge who conducted a hearing, evidence was submitted to him on the issue, and he thereafter entered a judgment overruling the plea to the jurisdiction.

The issue was whether the defendant-appellant was a resident of Polk County, Georgia or Baldwin County, Georgia for jurisdictional purposes in a divorce and alimony action. The evidence submitted to the trial judge was in conflict to the extent that it did not demand a legal conclusion that the appellant's residence or domicile was in Baldwin County rather than Polk County.

Where both parties in a divorce action are residents of this state, the proper venue of the action is in the county where the defendant resides. Georgia Constitution, Art. VI, Sec. XIV, Par. I (Code Ann. § 2-4901); *Buford v. Buford,* 231 Ga. 9 (200 SE2d 97) (1973).

The Georgia rule is that the findings of the trier of fact as to residence and domicile will not be disturbed if there is "any evidence" to support them. *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916) (1967). The Civil Practice Act also provides that findings of fact by a trial judge will not be set aside unless "clearly erroneous." Code Ann. §

81A-152.

There is evidence in the record to support the trial judge's findings with respect to residence or domicile and the judgment must be affirmed. See *Easterling v. Easterling*, 231 Ga. 90 (200 SE2d 267) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 22, 1974 — DECIDED FEBRUARY 25, 1975.

*Eva L. Sloan,* for appellant.
*Marson G. Dunaway, Jr.,* for appellee.