## 31544. STEVENSON v. STEVENSON.

GUNTER, Justice.

This appeal by the appellant-wife is from a judgment awarding a divorce, alimony, and child support that was based upon the verdict of a jury that heard the case. The verdict awarded the wife legal title to all household furnishings contained in a residence that she owned; it awarded hospitalization insurance to her; and it awarded periodic child support payments. The wife filed a motion for a new trial that was overruled by the trial judge on all grounds.

Appellant seeks review here of the judgment overruling her motion for new trial, but her brief in this court concludes: "A new trial should be granted to the plaintiff-appellant with directions to the court to submit only questions to the jury on the amount of alimony to be awarded to the plaintiff-appellant."

The defensive pleadings filed in the trial court by the husband raised issues primarily relating to the amount of alimony to be awarded in the case. The case was tried very thoroughly on this issue, the transcript of the evidence consisting of 271 pages.

The appellant's main contention here is that the alimony awarded by the jury was insufficient as a matter of law. Her primary enumerated error reads: "The verdict of the jury and the judgment of the court thereon virtually allowing no alimony for the support of the plaintiff-appellant was without evidence to support it and was so disproportionate as to the necessities of the wife and the ability of the husband to pay for them as to indicate bias and prejudice on the part of the jury against the wife and in favor of the appellee."

We have thoroughly reviewed the evidence submitted by both parties to the jury; the jury's award is amply supported by that evidence; and this enumerated error is without merit. See *Aud v. Aud,* 199 Ga. 526 (34 SE2d 655) (1945); *Simmons v. Simmons,* 194 Ga. 649 (22 SE2d 399) (1942); and *Anderson v. Anderson,* 237 Ga. 886

(230 SE2d 272) (1976).

Appellant's other enumerated errors complain of the failure to give requested charges to the jury, a complaint about a portion of the charge given to the jury, and a complaint about the admission into evidence of the price that appellee had paid for a vacant lot more than three years prior to the date of the trial. These alleged errors are without merit; and we therefore find no basis for the granting of a new trial in this case.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 17, 1976 — DECIDED FEBRUARY 8, 1977.

*Smith & Harrington, Will Ed Smith,* for appellant.
*Larsen & Lewis, W. W. Larsen, Jr., Francis M. Lewis,* for appellee.