32470. CHARAMOND v. CHARAMOND.

MARSHALL, Justice.

On March 15, 1977, the Superior Court of Hall County granted a divorce to Ilse Berta Charamond and Charles P. Charamond, the decree dividing property and ordering the appellant, Charles P. Charamond, to pay alimony and attorney fees.

The parties were married September 10, 1953. At the time of their separation, the parties were residing in Gainesville. For approximately two years immediately prior to the separation, the appellant had worked in Greenville, South Carolina. On Monday of each week, the appellant would go to Greenville to work and remain there week nights in a rented room. On the weekends he would return to Gainesville. On December 28, 1976, the appellant was informed of his wife's desire to secure a divorce. The appellant returned to Gainesville the following day, retrieved his clothing and personal effects, and left. The appellee testified that the appellant had not resided in their home in Gainesville since that date, had secured an apartment in Greenville, South Carolina, and, to her knowledge, had not been back to Gainesville.

After challenges to jurisdiction, the trial court held the appellant subject to the court's jurisdiction. The court relied upon a statement by appellant at the time of his last departure from the couple's Gainesville residence that he intended to return on the following weekend, the continued receipt of mail addressed to the appellant at the appellant's former home in Gainesville, the receipt of company expense checks at that address, and the fact that the appellant's insurance through a Gainesville agency continued in force. Having held the appellant subject to the trial court's affirmative personal decrees, the court entered orders to pay alimony and attorney fees. *Held:*

1. In the appellant's first enumeration of error, he asserts that the trial judge erred as a matter of law in sustaining the plaintiff's (appellee's) objection to the defendant's (appellant's) affidavit in support of his motion to dismiss the plaintiff's complaint for want of jurisdiction. It is clear from the record that the appellant's motion to dismiss for want of jurisdiction and accompanying affidavit was filed with the court on the day of the hearing of the motion, thereby failing to comply with the provision of the Civil Practice Act (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230; Code Ann. § 81A-106 (d)) requiring service of motions and affidavits not later than five days before the time specified for the hearing, unless a different period is fixed by the Act or by the court. The trial court did not err in sustaining the appellee's objection to the appellant's affidavit.

2. In the appellant's first and third enumerations of error, the appellant challenges the jurisdiction of the trial court and attacks the validity of the divorce and the award of alimony and attorney fees, because, he contends, the evidence clearly showed that the appellant was a nonresident of Georgia and the court had no personal jurisdiction over the appellant. With regard to the granting of a divorce, Code Ann. § 30-107 (Ga. L. 1950, p. 429) provides a six-month residency requirement for any party seeking a divorce. The burden lies with the petitioner to establish that this requirement has been met. *Stewart v. Stewart,* 195 Ga. 460 (24 SE2d 672) (1943); *Jones v. Jones,* 181 Ga. 747 (184 SE 271) (1935). Here, the

complaint clearly stated that the appellee had been a resident of Georgia six months before filing the divorce application. The appellant failed to challenge the validity of this averment. The appellant did receive personal notice of the divorce proceedings, and, for these reasons, it was not error to grant the divorce.

3. The second prong of the attack on the validity of the divorce decree, concerns the award of alimony and attorney fees. The appellant contends that the court lacked personal jurisdiction to impose such affirmative obligations on him.

In *Reynolds v. Reynolds,* 233 Ga. 799 (213 SE2d 841) (1975), this court held as follows: "The Georgia rule is that the findings of the trier of fact as to residence and domicile will not be disturbed if there is 'any evidence' to support them. *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916) (1967). The Civil Practice Act also provides that findings of fact by a trial judge will not be set aside unless 'clearly erroneous.' Code Ann. § 81A-152. There is evidence in the record to support the trial judge's findings with respect to residence or domicile and the judgment must be affirmed. See *Easterling v. Easterling,* 231 Ga. 90 (200 SE2d 267) (1973)."

Although the case was not reported, the parties stipulated the contents of a transcript of the proceedings, a portion of which was essentially the same as contained in the recitation of facts in the earlier portion of this opinion, supra.

From the foregoing testimony, the trial judge was authorized to find, as he did, that the appellant was a resident of Hall County, Georgia, at the time of service of the complaint. *Smith v. Smith,* supra. The same testimony would have authorized a contrary finding, but it did not demand it.

The failure of the appellant to appear and testify personally, coupled with the correct ruling of the trial court that his affidavit was not admissible, effectively prevented any contradiction of the testimony of the appellee at the hearing.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 11, 1977 — DECIDED OCTOBER 25, 1977.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellant.

*Lawson & Brown, George Brown, Robert W. Lawson, Jr.,* for appellee.