## 32917. WILKIE v. WILKIE.

BOWLES, Justice.

The parties to this action were divorced by order of the Gwinnett County Superior Court on the grounds that their marriage was irretrievably broken. The issue of alimony was reserved for the jury, which awarded the wife fee simple title to the family home and its contents, with the husband to be responsible for all payments thereon; an automobile; and $150 per month as alimony. The husband appeals the grant of divorce and the award of alimony.

1. Appellant complains that the appellee did not prove venue and jurisdiction so as to authorize the grant of a divorce. The record shows that, in answering the original complaint, appellant admitted he was a resident of Gwinnett County. This constitutes an "admission in judicio" and requires no further proof. *Daniel v. Yow,* 226 Ga. 544 (176 SE2d 67) (1970); *Moon v. Moon,* 240 Ga. 208 (1977). In any event, by not raising the defense of lack of jurisdiction over the person or improper venue by motion or responsive pleading, appellant waived any objection he may have had. Code Ann. § 81A-112(h); *Moody v. Mendenhall,* 238 Ga. 689 (234 SE2d 905) (1977).

2. Appellant submits that the lower court erred in overruling his amended motion for new trial in which he argued the general grounds, objected to a jury charge, and complained of improper venue and lack of jurisdiction.

We have reviewed the record, and find that the jury's award of alimony to the wife was supported by the evidence. The appellant's enumeration of error on the general grounds is without merit. *Stevenson v. Stevenson,* 238 Ga. 330 (232 SE2d 922) (1977).

No objection was made at trial to the charge appellant now complains of. Thus, appellant waived any objection he may have had. "A party in a civil case cannot complain of the giving or the failure to give instruction to the jury, unless he objects thereto before the jury returns

its verdict. . ." *Pearlman v. Pearlman,* 238 Ga. 259 (232 SE2d 542) (1977).

3. Appellant cites error in the allowance of certain testimony of a private investigator which was admitted for impeachment purposes. At trial, the appellant testified as to his current living expenses. He made certain representations as to rent he was paying to a certain friend in whose home he lived at various times. The appellee sought to impeach this testimony by evidence that appellant had spent some of his nights in a Gwinnett County mobile home park, after he denied he had ever done so.

The impeachment testimony of the private investigator, taken as a whole, implied no misconduct on appellant's part. There was no suggestion that he visited the trailer for immoral purposes. No mention was made of any person who lived in the trailer during the time of these visits, or if anyone was seen going into the trailer with appellant.

After the testimony was admitted, the judge instructed the jury that the testimony was admitted solely for the purpose of impeachment; that the fault of the parties was not an issue in the case; and that the only question for them to decide was that of alimony, based on appellee's need and appellant's ability to pay. The essence of this charge was repeated at the close of all evidence.

Under these facts, we find no error in admitting the testimony of the private investigator.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 28, 1977 — DECIDED NOVEMBER 28, 1977.

*G. Hughel Harrison,* for appellant.
*Phillip N. Lavender,* for appellee.