## 34148. SANDERS v. SANDERS.

MARSHALL, Justice.

The appellant-defendant, John Robert Sanders, is an American citizen whose provenance is DeKalb County, Georgia. The appellee-plaintiff, Jillian Rosemary Sanders, is a British subject. They were married in New England in 1964. They then moved to Spain, where they had two children, who were born in 1966 and 1968.

The appellee filed suit for divorce against the appellant in England in July of 1977, jurisdiction being based on the appellee's British citizenship. The appellant was served with a copy of these proceedings, but he did not enter an appearance. By interlocutory order, the appellee was granted custody of the parties' two minor children and the appellant was directed to bring the children into the custody of the British court.

Instead, the appellant brought the children from Spain back to DeKalb County. He filed suit for divorce against the appellee in the Fulton Superior Court, praying for custody of the children. In the Fulton divorce suit, the appellant stated that he did not know the whereabouts of the appellee, and he requested that she be served by publication.

The appellee followed the appellant and their two children to Georgia. She entered a special appearance before the Fulton Superior Court and requested that the appellant's divorce suit be dismissed on the ground that he was not a resident of Fulton County. The Fulton Superior Court granted the appellee's motion to dismiss. The appellee then instituted this habeas corpus action against the appellant in the DeKalb Superior Court,

praying for custody of the children.

Following a hearing, which was attended by the appellee, the appellant, and their two children, the superior court found that it would be in the best interest of the children to award custody to the appellee, and custody was so awarded to the appellee. The appellant was granted visitation rights. Under the terms of this order, either party, upon returning to Spain, was given the right to file another petition for custody, with this custody order being admissible in evidence.

The appellant appeals, and presents three arguments for this court's consideration.

1. First, the appellant argues that the trial court was without authority to divest him of custody of the parties' children, since he, as father, is head of the household, since he has not been shown to be an unfit parent, since he has not been shown to have been holding the children illegally, and since no divorce between the parties has been obtained.

Code § 74-107(a) (Ga. L. 1913, p. 110; as amended; Ga. L. 1978, pp. 258, 273) provides that, "In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may in exercise of its sound discretion, taking into consideration all the circumstances of the case including the improvement of the health of the party seeking a change in custody provision, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly . . ."

Although the appellant's argument, that he was entitled to custody of the children as father since he has not been shown to be unfit, might have been meritorious prior to passage of the previously cited statute in 1913 (see *Franklin v. Carswell,* 103 Ga. 553 (29 SE 476) (1897)), under the present state of the law the appellant's argument is clearly without merit.

The appellant's argument that the trial court was

without authority to divest him of custody of the children, since he was not shown to have been holding them illegally, is also without merit. The writ of habeas corpus is an available means of fixing the custody of minor children, as well as remedying an illegal restraint. Stubbs, Georgia Law of Children, § 115, p. 229 (1969).

The appellant's argument that the trial court lacked authority to divest him of custody of the children, since no divorce between the parties has been obtained, is likewise without merit. In all writs of habeas corpus sued out on account of the detention of the child, the court, on hearing all the facts, may exercise its discretion as to to whom the custody of such child shall be given. Code § 50-121. See *Griffis v. Griffis,* 229 Ga. 587 (193 SE2d 620) (1972).

2. Secondly, the appellant argues that the trial court erred in admitting records of the divorce proceedings in England, since he was not an English citizen or resident.

It is true that a court is without jurisdiction to affect the custody of a child if the lawful custodian of the child is beyond the territorial jurisdiction of the court. *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (1965). Thus, it would appear as though the English court lacked jurisdiction over the defendant, and, therefore, the child-custody decree was not entitled to recognition as a matter of comity in the courts of this state. See *Coulborn v. Joseph,* 195 Ga. 723 (25 SE2d 756, 148 ALR 984) (1943).

However, we find no error in the admission of the records of the British divorce proceeding, since the trial judge properly based his custody award on the best interest of the children.

3. Finally, the appellant argues that the trial court abused its discretion in awarding custody of the children to the appellee. A review of the record reveals evidence under which the trial court could have concluded that the award of custody of the parties' children to the appellee was in the best interest of the children. Therefore, we hold that the trial court did not abuse its discretion in awarding custody of the children to the appellee. *Murphy v. Murphy,* 238 Ga. 130 (231 SE2d 743) (1977); *Waller v. Waller,* 202 Ga. 535 (1) (43 SE2d 535) (1947); *Parr v. Parr,* 196 Ga. 805 (27 SE2d 687) (1943).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1978 — DECIDED NOVEMBER 30, 1978.

*Melvin Robinson,* for appellant.
*John F. Bradford,* for appellee.