*Hankinson,* for appellee.

## 35061. GAMBRELL v. GAMBRELL.

UNDERCOFLER, Presiding Justice.

The mother had been awarded a divorce decree and custody of the child by publication in Alabama. The child was not present there at the time. She then filed this habeas corpus action seeking possession of the child from his father in Georgia. He counterclaimed for custody, which the trial court granted. The mother appeals. We affirm.

The mother contends that under *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977), requiring that suits for change of custody be litigated in the domicile of the custodial parent, the habeas court had no authority to entertain the father's counterclaim for custody. She, however, relies on the Alabama divorce decree awarding her custody to maintain her own status as legal custodian. It is uncontested that the Alabama decree was based on service by publication and that custody was awarded without the child's presence. It is not, under our law, entitled to full faith and credit. *Boggus v. Boggus,* 236 Ga. 126 (223 SE2d 103) (1976); *Stallings v. Bass,* 204 Ga. 3 (48 SE2d 822) (1948). Thus, the mother is not the legal custodian of the child and *Matthews,* supra, does not apply. *Simmons v. Simmons,* 243 Ga. 128 (252 SE2d 908) (1979). The mother and father had equal status before the habeas court, Code Ann. § 74-107 (a) (Supp. 1978), and it properly awarded custody under the best interests of the child standard, Code Ann. § 50-121. *Sanders v. Sanders,* 242 Ga. 641 (250 SE2d 488) (1978).

There is no merit to the mother's contention that evidence prior to her divorce was erroneously admitted for the court's consideration. This is an original contest for custody and evidence tending to show her present unfitness was properly considered by the habeas court. *Daniels v. Daniels,* 213 Ga. 646 (100 SE2d 727) (1957) and others cited by the mother are inapposite since there has been no prior custody award and thus no res judicata effect. The evidence supports the trial court's decision

awarding custody of the child to the father. *Murphy v. Murphy,* 238 Ga. 130 (231 SE2d 743) (1977).
*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 22, 1979 — DECIDED SEPTEMBER 7, 1979.

*Ronald G. Shedd,* for appellant.
*James A. Satcher, Jr.,* for appellee.