## 35317. HARRISON v. SPEIDEL.

Marshall, Justice.

Harrison, the former husband, filed a petition for declaratory judgment in the DeKalb Superior Court, seeking to clarify certain provisions of the parties' settlement agreement relating to his liability for payment of the children's educational expenses after high school. Speidel, the former wife, answered the petition and filed a counterclaim for modification of child support. The former wife then filed the instant complaint for modification of child support in the Fulton Superior Court. Next, the former husband filed a motion to dismiss the complaint under the two-year rule of Code Ann. § 30-220 (a), and he also filed a plea of lis pendens under Code § 3-601. Later, the former husband filed a motion to dismiss the counterclaim, arguing that jurisdiction of this claim was in the Fulton Superior Court. After the DeKalb Superior Court granted the former husband's motion to dismiss the wife's counterclaim for modification of child support, the Fulton Superior Court overruled his motion to dismiss in that court. We granted his application for interlocutory appeal of the Fulton Superior Court order. We affirm.

Code § 3-601 does prohibit a plaintiff from prosecuting two actions in the court for the same cause and against the same party, and, if the actions are commenced at different times, the pendency of the former shall be a good defense to the latter. However, where the

former suit is dismissed for lack of jurisdiction, the plaintiff is not prohibited from commencing another suit for the same cause against the same party in a court having jurisdiction to grant the relief sought. See Code § 3-607. See also *Cantrell v. Davis,* 46 Ga. App. 710 (169 SE 39) (1933). Cf. *Wilson v. Atlanta &c. R. Co.,* 115 Ga. 171 (41 SE 699) (1902). Since the former suit was dismissed for lack of jurisdiction, on the husband's own motion, the trial court did not err in overruling the husband's plea of lis pendens in this suit.[1]

For the same reason, the trial court did not err in

---

[1]The DeKalb Superior Court dismissed the wife's counterclaim in the husband's declaratory judgment action for lack of personal and subject-matter jurisdiction. The reason for this ruling does not appear in the record in this case. However, it would appear to us as though this ruling may have been incorrect. By suing the wife in DeKalb County, the husband submitted himself to the jurisdiction of the DeKalb Superior Court so as to allow the wife to file counterclaims against him in that suit. *Pemberton v. Purifoy,* 128 Ga. App. 892 (198 SE2d 356) (1973). Since provisions of the Civil Practice Act have been held to be applicable in declaratory judgment actions, *Southeastern Fidelity Fire Ins. Co. v. State Farm &c. Co.,* 118 Ga. App. 861 (165 SE2d 887) (1968), it would appear that the defendant in a declaratory judgment action could interpose a counterclaim against the plaintiff under CPA § 13 (Code Ann. § 81A-113).

Nonetheless, the DeKalb Superior Court did rule that the Fulton Superior Court and not it had jurisdiction to adjudicate the wife's counterclaim. That ruling is binding on the parties until reversed or set aside. We know of no rule of law that would require a party to seek to have such a ruling reversed or set aside, rather than file suit in the court which does have concurrent, though perhaps not exclusive, jurisdiction over the claim. In addition, since the husband argued in DeKalb Superior Court that it is Fulton Superior Court that has jurisdiction over the wife's counterclaim, he is estopped to take the contrary position now.

overruling the husband's motion to dismiss under Code Ann. § 30-220 (a) on the ground that the wife had filed the previous petition in the DeKalb Superior Court within a period of two years. Since the DeKalb Superior Court ruled that it lacked jurisdiction of the wife's modification petition, she is not precluded from filing another petition in the appropriate court. Cf. *Cantrell v. Davis,* supra.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 30, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED NOVEMBER 6, 1979.

*Harmon, Smith & Bridges, John M. Leiter, Archer D. Smith, III,* for appellant.

*Stokes, Lazarus & Stokes, John H. Watson,* for appellee.