### 37725. SMITH v. SMITH.

MARSHALL, Justice.

The appellee former wife obtained a divorce decree against the appellant former husband in the Fulton Superior Court, and this decree awards her the marital residence. Although the appellant was personally served with a copy of the divorce complaint, he did not answer the complaint or file any responsive pleadings. Approximately one year after rendition of the divorce decree, the appellant filed the present petition in the Fulton Superior Court seeking to set aside the decree on the ground that he is not and was not a resident of Fulton County. The superior court denied the petition, finding that: (1) the appellant waived the defense of improper venue, and (2) the evidence supports the determination that he was a resident of Fulton County at the time he was served with the divorce complaint. We granted the appellant's application to appeal, and we affirm on both of the foregoing grounds.

1. "In *Reynolds v. Reynolds,* 233 Ga. 799 (213 SE2d 841) (1975), this court held as follows: 'The Georgia rule is that the findings of the trier of fact as to residence and domicile will not be disturbed if there is "any evidence" to support them. *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916) (1967). The Civil Practice Act also provides that findings of fact by a trial judge will not be set aside unless "clearly erroneous." Code Ann. § 81A-152. There is evidence in the record to support the trial judge's findings with respect to residence or domicile and the judgment must be affirmed. See *Easterling v. Easterling,* 231 Ga. 90 (200 SE2d 267) (1973).' " *Charamond v. Charamond,* 240 Ga. 34, 36 (239 SE2d 362) (1977).

2. " 'Regardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person

or the subject matter.' *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394) (1973); *Bradley v. Dockery,* 232 Ga. 692 (208 SE2d 496) (1974)." *Williams v. Pique,* 234 Ga. 344, 345 (216 SE2d 100) (1975). And in another divorce case in which it was argued that the plaintiff had failed to prove venue, it was stated that, "by not raising the defense of lack of jurisdiction over the person or improper venue by motion or responsive pleading, appellant waived any objection he may have had. Code Ann. § 81A-112 (h); *Moody v. Mendenhall,* 238 Ga. 689 (234 SE2d 905) (1977)." *Wilkie v. Wilkie,* 240 Ga. 287 (1) (240 SE2d 84) (1977).

*Judgment affirmed. Jordan, C. J., Hill, P.J., Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 30, 1981.

*Arline S. Kerman,* for appellant.
*Charles T. Galloway, Jr.,* for appellee.