## 37832. LEDFORD v. BOWERS.

MARSHALL, Justice.

The former husband, who is a resident of Cherokee County, filed a petition for change of custody against the former wife, who is a resident of Toombs County. The petition was filed in the Toombs Superior Court. In the petition, the plaintiff seeks a modification of the visitation rights which the parties' 1971 Fannin Superior Court divorce decree grants him with his minor daughter. The defendant opposed the plaintiff's petition for increased visitation, and she filed a counterclaim for upward modification of the child support owed by the plaintiff to her under the divorce decree. The trial judge granted the plaintiff's request for increased visitation and dismissed the counterclaim for lack of venue. We granted the defendant's application to appeal. We reverse the grant of expanded visitation and the dismissal of the counterclaim.

1. The trial judge abused his discretion in increasing the plaintiff's visitation rights with his daughter from 1:00 p.m. to 4:00 p.m. on alternating Sundays to one weekend every other month, 30 days during the summer, one weekend during Christmas holidays, and Labor Day weekend.

In our opinion, the following evidence showed that the father had an overt sexual attraction for the daughter: He got into bed with her when the mother was not there, telling her that the mother had told him to sleep there, and he began to play with her and pull her panties down. The mother denied that she had told the father to get in the daughter's bed. Once, in a crowd of people, the father had burned a hole in fire-resistant pajamas worn by the daughter, and he demanded that she take them off. When she refused, he "pitched a

fit." He offered to buy her some sexy, see-through nighties. When asked by the trial judge whether she wanted to do any more visiting with the father, the daughter responded: "I wouldn't mind if I didn't see him for the next 30 years so I could make up my mind."

A child who has reached the age of 14 years has the right to select the parent who will have custody of the child, if such parent is determined by the court to be a fit and proper custodian. Code Ann. §§ 30-127 (a), 74-107 (a). As to a custody dispute between parents concerning a child who has not reached the age of 14 years, the trial judge is required to exercise his discretion in making the custody award according to the best interests of the child. E.g., *Gambrell v. Gambrell,* 244 Ga. 178 (259 SE2d 439) (1979). Visitation privileges are, of course, part of custody. *Daugherty v. Murphy,* 225 Ga. 588 (2) (170 SE2d 428) (1969) and cits.

Thus, the daughter here does not have any legal right to choose whether the father will be permitted to have additional visitation privileges with her. However, under the particular circumstances of this case, we think that a sound exercise of discretion on the part of the trial judge required him to respect the child's wishes as to whether she wanted additional visitation with the father.

2. The trial judge also erred in granting the plaintiff's motion to dismiss the defendant's counterclaim for lack of venue.

(a) It is true that under the state Constitution, "[d]ivorce cases shall be brought in the county where the defendant resides, if a resident of this State . . ." Art. VI, Sec. XIV, Par. I of the Georgia Constitution of 1976 (Code Ann. § 2-4301). Pars. II, III, IV and V of Art. VI, Sec. XIV (Code Ann. §§ 2-4302—2-4305) establish special venue rules for cases respecting title to land, equity suits, as well as suits against joint obligors, the maker and endorser of promissory notes, and other specified parties. Art. VI, Sec. XIV, Par. VI of the Georgia Constitution (Code Ann. § 2-4306) states that, "[a]ll other civil cases shall be tried in the county where the defendant resides . . ."

(b) Accordingly, it was held in *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719) (1968), that former Code Ann. § 30-220 (Ga. L. 1955, pp. 630, 631) violated this venue provision, and it was held in *Duncan v. Medlin,* 226 Ga. 118 (172 SE2d 672) (1970) that former Code Ann. § 30-225.1 (1) (Ga. L. 1969, p. 98) also violated this venue provision, because these former Code sections provided that venue of an action to modify a permanent alimony judgment would be in the county in which the original judgment was granted.

Code Ann. § 30-220 was amended by Ga. L. 1977, pp. 1253, 1254, so as to provide that a petition for revision of a permanent alimony judgment "shall be filed and returnable under the same rules of procedure applicable to divorce proceedings." "It is well established

that divorce and alimony cases proceed under the Civil Practice Act. *Price v. Price,* 243 Ga. 4 (252 SE2d 402) (1979); *Ivey v. Ivey,* 233 Ga. 45 (209 SE2d 590) (1974)." *Black v. Black,* 245 Ga. 281, 282 (264 SE2d 216) (1980).

Code Ann. § 30-225.1 was revised by Ga. L. 1979, pp. 466, 484; and Code Ann. § 30-225.1 (a) now provides: "So long as a party against whom is rendered a permanent alimony judgment remains or is domiciled in this State, the exclusive procedure for the modification of such judgment shall be by a proceeding instituted for such purposes in the superior court of the county in which venue is proper."

(c) In order to determine whether venue over the defendant's counterclaim against the plaintiff is proper in the Toombs Superior Court, the question we must ask is whether the plaintiff, by filing suit for change of custody in the Toombs Superior Court, has submitted himself to the jurisdiction of that court for the purpose of the defendant's filing a counterclaim against him for increased child support.

Even prior to enactment of the CPA, it was held that: "One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counterclaim growing out of the original suit which the defendant sees fit to set up by a cross-action. [Cits.]" *Ray v. Home & Foreign Investment &c. Co.,* 106 Ga. 492, 497 (32 SE 603) (1899). "As declared in *Caswell v. Bunch,* 77 Ga. 504, this principle 'rests on the idea that the plaintiff, by voluntarily instituting his suit, gives the superior court of the county where it is so instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted, — such proceedings in equity being ancillary to or defensive of the pending suit.' " *Dawson v. Equitable Mtg. Co.,* 109 Ga. 389, 392 (34 SE 668) (1899). In practice, the defendant generally has been allowed to assert only such affirmative relief against a nonresident plaintiff as is necessary for the defense of the main complaint. See, e.g., *Bragg v. Gavin,* 234 Ga. 70 (214 SE2d 532) (1975); *Terhune v. Pettit,* 195 Ga. 793 (25 SE2d 660) (1943); *Vickers v. Robinson,* 157 Ga. 731 (122 SE 405) (1924). However, in *Askew v. Bassett Furniture Co.,* 172 Ga. 700 (6) (158 SE 577) (1931), it was stated: "Rulings made in divorce cases stand upon a different footing from the question here involved. The status of the marriage relation has been dealt with somewhat in the nature of a proceeding in rem." See *Vines v. Hibdon,* 232 Ga. 539 (207 SE2d 503) (1974) and cits. But see *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977). Cf., *McNeal v. McNeal,* 233 Ga. 836 (213 SE2d 845) (1975).

Therefore, we now hold that which was suggested by way of dicta

in *Harrison v. Speidel,* 244 Ga. 643, 644 (fn. 1) (261 SE2d 577) (1979), to wit, that where a plaintiff brings suit for change of custody in a county other than the county of his residence, he submits himself to the jurisdiction of the court in which suit is filed for the purpose of allowing the defendant to file a counterclaim for a revision of child support.

(d) In *Buford v. Buford,* 231 Ga. 9 (200 SE2d 97) (1973), it was held that where a wife, resident of Bibb County, brought suit in the Jones Superior Court against the husband, a resident of Jones County, seeking separate maintenance and child custody, a counterclaim for divorce filed by the husband should have been dismissed for improper venue. *Buford* was based on the now outdated proposition that the provisions of the State Constitution relating to venue in divorce cases "are mandatory and exhaustive, and have no qualifications which authorize jurisdiction to be conferred by consent or otherwise; and that, where both parties are residents of this State, a divorce is invalid unless the suit is brought in the county where the defendant resides.' . . ." *Buford v. Buford,* 231 Ga., at p. 11, supra. *Hardin v. Hardin,* 218 Ga. 39, 40 (126 SE2d 216) (1962); *Musgrove v. Musgrove,* 213 Ga. 610 (100 SE2d 577) (1957). It is now clear that under certain circumstances both jurisdiction of the person and venue can be conferred by consent. Under CPA § 12 (h) (1) (Code Ann. § 81A-112 (h) (1)), a defendant waives the defenses of improper venue and lack of jurisdiction of the person by failing to raise such defenses by motion or through responsive pleadings. As previously stated, it has been held that proceedings for divorce are governed by the CPA, *Black v. Black,* 245 Ga. 281, supra; and it has also been specifically held that CPA § 12 (h) applies to divorce proceedings. *Wilkie v. Wilkie,* 240 Ga. 287 (1) (240 SE2d 84) (1977).

Therefore, under our decision today, the rationale employed in *Buford* is disapproved, and the holding in that case is overruled.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED JANUARY 27, 1982.

*William T. Whatley,* for appellant.
*Alan P. Layne,* for appellee.