S10F1806. AUTREY v. AUTREY.

(702 SE2d 878)

THOMPSON, Justice.

Timothy Autrey (husband) appeals from the final judgment and decree of divorce from Kerrie Autrey (wife). He contends the trial

court erred by denying his motion to dismiss the complaint for divorce on venue grounds and denying his motion for new trial. We affirm.

Wife filed a complaint for divorce in Gwinnett County Superior Court against husband in October 2008. Two days later, husband was served with process at the marital residence in Gwinnett County where the couple had lived for more than 20 years. Husband filed a motion to dismiss for lack of venue, asserting that while he maintained a residence in Gwinnett County, his domicile and primary residence was in Cobb County and he was entitled to be sued there.[1] The court denied husband's motion, and the proceedings continued. After a lengthy bench trial which included the testimony of a forensic accountant, the trial court entered a final judgment awarding primary physical custody of the children to wife, attributing to husband monthly gross income of $12,500, and directing husband to pay monthly child support. The trial court denied husband's motion for new trial, and husband thereafter sought, and this Court granted, discretionary review pursuant to the pilot project for family law cases. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Husband contends the complaint for divorce should have been dismissed for improper venue because he was a resident of Cobb, not Gwinnett, County. A trial court's findings of fact as to residence and domicile will not be disturbed on appeal if there is any evidence to support them. *Smith v. Smith*, 248 Ga. 268 (1) (282 SE2d 324) (1981); *Reynolds v. Reynolds*, 233 Ga. 799 (213 SE2d 841) (1975). There is evidence in the record to support the trial judge's finding that husband's domicile remained in Gwinnett County during the six months prior to the filing of the divorce complaint, including evidence that husband continued to reside and maintain his possessions in the marital home until he was served with the complaint for divorce. Accordingly, venue was proper in Gwinnett County.

2. Husband contends the trial court erred by finding that his income was $12,500 per month for purposes of calculating child support. See OCGA § 19-6-15 (b) (child support calculated based on determination of adjusted monthly gross income of both the custodial parent and the noncustodial parent). "In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the

---

[1] Husband began renting an apartment in Cobb County in May 2008 and testified that he intended for it to be his permanent residence. In August 2008, husband obtained a new driver's license and voter registration card reflecting the Cobb County address. Evidence showed that the water and utilities were not turned on at the Cobb County apartment until just prior to the filing of the divorce action.

credibility of the witnesses. [Cit.]" *Langley v. Langley*, 279 Ga. 374, 377 (2) (613 SE2d 614) (2005). The record reveals that in 2006 and 2007, husband, a self-employed home builder, earned income of $373,000 and $806,000 respectively. There was also evidence of large distributions to husband from his business in 2008 and husband's transfer of $125,000 to a newly created company owned by his brother on the day divorce papers were served. At the time of trial, the parties also owned several residential lots in Sugarloaf Country Club and a home built by husband with an appraised value of between two and three million dollars. In addition, the court had for its consideration husband's own domestic relations financial affidavit which attributed to husband annual gross income of $150,000 per year. In light of the record evidence and giving the appropriate deference to the trial court's findings of fact and its credibility determinations, we cannot say the trial court's findings were clearly erroneous, as the income level attributed to husband was within the range of evidence provided to the trial court.

3. We similarly find no error in the trial court's deviation from the presumptive amount of child support as calculated under Georgia's child support guidelines. See OCGA § 19-6-15 (a) (19) and (b) (defining "presumptive amount of child support" and providing process for calculating child support); OCGA § 19-6-15 (i) (2) and (3) (trial court may deviate when special circumstances make presumptive amount of child support excessive or inadequate). The trial court's order incorporated the statutorily required child support addendum and applicable worksheets showing the presumptive amount of husband's child support obligation and that an upward deviation of $907.91 was appropriate based on undisputed evidence of the extraordinary educational, medical and extracurricular needs of the children. The order further stated how application of the guidelines' presumptive amount would be unjust and how the best interest of the children would be served by the deviation. OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). Compare *Spurlock v. Dept. of Human Resources*, 286 Ga. 512 (3) (690 SE2d 378) (2010).

4. Husband contends the trial court erred by awarding primary physical custody of the children to wife.

> Where parents contest the issue of custody of a child, the trial court has very broad discretion, looking always to the best interest of the child. When the trial court has exercised that discretion, this court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion.

(Citation omitted.) *Frazier v. Frazier*, 280 Ga. 687, 689 (631 SE2d 666) (2006). Having reviewed the record, we conclude the trial court did not abuse its discretion in its child custody award.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2010.

*Hill Macdonald, Vic B. Hill, Brad E. Macdonald, Alan C. Manheim,* for appellant.

*Judy C. King,* for appellee.