## S11A0085. REED v. REED.
### (710 SE2d 138)

HUNSTEIN, Chief Justice.

Appellant Jason Reed ("Husband") and appellee Laura Reed ("Wife") were divorced in April 2010 after more than ten years of marriage. The final judgment and decree of divorce granted the parties joint legal custody of their then-eight-year-old daughter and awarded primary physical custody of the child to Wife, with visitation rights for Husband. Husband filed an application for discretionary appeal to challenge the trial court's custody determination, which we granted pursuant to this Court's Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003). Having reviewed the record, we find no abuse of discretion in the custody determination, and we therefore affirm.

In adjudicating the custody of a minor child, "[t]he duty of the judge . . . shall be to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness." OCGA § 19-9-3 (a) (2).

> "When the trial court has exercised that discretion, this court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion. . . ." [Cit.]

*Autrey v. Autrey*, 288 Ga. 283, 285 (4) (702 SE2d 878) (2010). Here, there is ample evidence to support the trial court's award of primary physical custody to Wife, including, inter alia, evidence that Wife had served as primary caregiver since the child's birth and had a strong, loving relationship with the child, and that Husband had on occasions both before and during the divorce proceedings exhibited conduct casting doubt on his trustworthiness, truthfulness, and judgment. Though Husband argues that the trial court failed to consider in its decision the impact of Wife's anticipated move to North Carolina, the record reflects that the trial court did not ignore this fact but rather — properly — did not find it dispositive with regard to the child's best interests. "In considering a wide range of factors, the trial court here correctly avoided any presumption against relocation and . . . 'appropriately considered the myriad

factors that had an impact on the child( ) as established by the evidence adduced before it.' [Cit.]" *Haskell v. Haskell*, 286 Ga. 112, 113 (1) (686 SE2d 102) (2009). Accordingly, there was no abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 2011.

*McFarland & McFarland, Robert P. McFarland, Sr.*, for appellant.

*Nichole A. Reynolds*, for appellee.