S13A0330. VINES et al. v. VINES.
(739 SE2d 374)

THOMPSON, Presiding Justice.

Thomas Vines appeals from a trial court's order denying his motion to modify the terms of his visitation rights with his daughter and granting Anita Vines' counterclaim for contempt and request for attorney fees. Finding no error, we affirm.

1. Anita and Thomas Vines were divorced in 2005 by a final decree awarding Anita primary physical custody of their child and granting Thomas secondary physical custody and visitation at least every other week from Thursday afternoon until Monday morning. In 2007, Thomas' visitation rights were modified after Anita pre-

sented evidence that he was using pornography in the home where the child visited, evidence of bestiality and other inappropriate conduct in the home, and evidence of misbehavior and harassment by Thomas and his new wife, Dianna, directed toward Anita. Based on the evidence presented, the court found Thomas suffered from histrionic personality disorder and had not sought any treatment, that Thomas failed to address his psychological issues and modify his behavior, that Thomas and Dianna[1] continued to engage in a pattern of behavior destructive to the child, and that he and Dianna had engaged in behavior designed to alienate the child from her mother. The court thus modified the final decree to limit Thomas' visitation with the child to weekly 1.5 hour visits supervised by Compassion House. Only Thomas and his three younger children are allowed visitation, which Thomas has exercised on a bi-weekly basis. The modification order further directed Thomas to have only e-mail contact with Anita and directed Thomas and Dianna not to go near the child's school, not to come within 200 yards of Anita, her place of employment, her residence, or her vehicle, and not to harass or make any derogatory remarks about Anita in the presence of the child. Dianna was ordered to have no contact with Anita whatsoever. Finally, the 2007 order provided that no additional visitation would be allowed until Thomas underwent treatment from a qualified therapist and the therapist confirmed he had made progress in recognizing his condition, its causes and symptoms, the inappropriate behavior that can result from the condition, and the harm it causes the child. In November 2011, Anita filed a petition to suspend Thomas' visitation and to modify child support. A month later, Thomas filed a separate petition in which he sought to modify visitation to provide for more frequent and unsupervised visitation and to hold Anita in contempt for failing to turn over certain personal property. Anita counterclaimed in that action, seeking to hold Thomas and Dianna in contempt of the court's previous orders. Pertinent to this appeal, the trial court denied Thomas' petition for modification and granted Anita's petition for contempt.[2]

2. In several enumerations of error, Thomas argues the trial court abused its discretion by denying his motion to modify the visitation rights afforded him in the trial court's 2007 order. Under Georgia law, visitation rights are a part of custody. See OCGA § 19-9-22 (1).

---

[1] Anita filed and the trial court granted a motion to add Dianna as a party to the action.

[2] In a separate order, the trial court denied Anita's request to suspend Thomas' visitation but granted her petition to increase child support. Thomas' direct appeal from that order challenging only the court's ruling on child support was dismissed by this Court on November 26, 2012, for failure to file an application to appeal.

"A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest." *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012). See OCGA § 19-9-3 (a) (2). A trial court's decision regarding a change in custody/visitation will be upheld on appeal unless it is shown that the court clearly abused its discretion. *Haskell v. Haskell*, 286 Ga. 112 (1) (686 SE2d 102) (2009). Where there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion. Id.

At the hearing on Thomas' motion to modify visitation, there was substantial evidence of Thomas and Dianna's continued failure to comply with the court's orders pertaining to their harassment and degradation of Anita despite the harm and detriment it caused the child. In addition, the court heard evidence of Thomas' refusal to work with the child's psychologist and his failure to pay for another qualified psychologist in order to obtain additional or unsupervised visitation. Based on the evidence presented at the hearing and the trial court's consideration of the child's best interest, we cannot say there was a clear abuse of discretion in the trial court's denial of the motion to modify visitation rights.

3. Thomas asserts without citation to authority that the trial court erred by refusing to interview the child regarding her desire for increased visitation with her father. There is nothing in the record, however, indicating that the trial court refused to talk to the child or that Thomas was precluded from presenting the child as a witness in support of his motion to modify visitation. There are only two references in the record to the possibility of the child testifying, and on both occasions Thomas' counsel merely encouraged the court to talk to the child. Absent any authority requiring the court to interview the child sua sponte or any evidence that the court prohibited Thomas from calling the child as a witness, this enumeration of error presents nothing for us to review.

4. Thomas contends the trial court's award of attorney fees must be set aside because the statutory basis for the award is not cited in the court's order. We disagree. In her petition for contempt, Anita sought attorney fees and expenses incurred by her in having to bring her motion for contempt. OCGA § 19-6-2 (a) (1) authorizes a trial court to award attorney fees and expenses of litigation within its sound discretion after considering the financial circumstances of both parties in a contempt action. Evidence was presented at the motions hearing regarding the reasonableness of the fees and expenses requested and the parties' financial circumstances both at the present time and at the time of their divorce. In addition, the language of the order makes clear that the court's fee award is predicated on its finding of

contempt, which is consistent with an award of fees under OCGA §
19-6-2 (a) (1), not an award under OCGA § 9-15-14 (a). We conclude,
therefore, that "there was a statutory basis for the fee award, and
there was no requirement that OCGA § 19-6-2 be cited in the trial
court's order, as there is no indication that the court relied on some
other authority to award the attorney fees." *Horn v. Shepherd*, 292
Ga. 14 (9) (732 SE2d 427) (2012). See *Killingsworth v. Killingsworth*,
286 Ga. 234 (4) (686 SE2d 640) (2009). Compare *Findley v. Findley*,
280 Ga. 454 (2) (629 SE2d 222) (2006) (fee award reversed where fees
were sought under multiple statutory provisions and court's order
contained no information concerning basis of trial court's award).
   *Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Blackburn & Blackburn, David T. Blackburn*, for appellant.
*Robert D. Jenkins*, for appellee.