## S13A0186. GEORGIA DEPARTMENT OF HUMAN SERVICES v. WRIGHT.

(745 SE2d 628)

HINES, Justice.

This Court granted the application for discretionary review of the Georgia Department of Human Services ("DHS") to review the trial court's ruling that, without an action for divorce having been undertaken, DHS may not seek an award against one parent for the support of a child. For the reasons that follow, we reverse.

DHS, on behalf of the minor child of Johnny B. Wright ("Father"), filed a complaint against him, asking the superior court to order Father to pay child support and maintain accident and health insurance, and enforce the order through an income deduction order. During a hearing on the complaint, the trial court learned that Father was currently married to Monica N. Wright, the mother of the minor child ("Mother"), and that no divorce or separate maintenance action had been filed. The court concluded that without such an action being filed by one of the parents, neither parent has been designated as the "custodial parent," and concluded that DHS therefore had no authority to pursue an award of child support, and entered an order denying any child support recovery. However, DHS's statutory authority to seek child support recovery is not dependent on a prior court order designating a "custodial parent."

DHS is proceeding under an assignment of rights to child support. OCGA § 19-11-6.[1] And, for Mother to file a petition for an award

---

[1] OCGA § 19-11-6 reads:

(a) By accepting public assistance for or on behalf of a child or children, including foster care maintenance payments made pursuant to Title IV-E of the federal Social Security Act, the recipient shall be deemed to have made an assignment to the department of the right to any child support owed for the child. The department shall be subrogated to the right of the child or children or the person having custody to initiate any support action existing under the laws of this state and to recover any payments ordered by the courts of this or any other state. Amounts collected by the department shall be distributed and deposited by the department in conformity with law.

(b) Whenever a family for whom child support services have been provided ceases to receive public assistance, including medical assistance, the department shall continue to provide services and collect such support payments from the absent parent in accordance with standards prescribed pursuant to the federal Social Security Act.

(c) The department shall accept applications for child support services from any proper party or person notwithstanding the fact that the child or children do not receive public assistance. When made, this application to the department shall constitute an assignment of the right to support to the department and the proceeds of any collections resulting from such application shall be distributed in accordance with the standards prescribed in the federal Social Security Act.

of child support from Father under OCGA § 19-6-10,[2] there is no need for a court to *first* designate her as the "custodial parent"; the statute contains no such requirement. See *Goodman v. Goodman,* 253 Ga. 281 (319 SE2d 455) (1984) (wife secured separate maintenance award three years before filing for divorce). As Mother has accepted public assistance on behalf of the child, she has "made an assignment to [DHS] of the right to *any* child support owed for the child." OCGA § 19-11-6 (a) (Emphasis supplied). Further, under OCGA § 19-11-6 (a), DHS is "subrogated to the right of the child or children or the person

---

(d) The department shall accept applications for alimony enforcement services from any proper party or person if the right to alimony has been assigned to the department. The application for enforcement shall apply only to alimony while there is a court order for alimony, while the dependent child is living with the spouse or former spouse, and while a child support obligation is also being enforced by the department.

(e) The department shall accept applications for IV-D services from noncustodial parent obligors. The department, by virtue of the acceptance of such applications for IV-D services, is authorized to take any action allowed by this chapter including, but not limited to, the review and modification of support awards, whether such awards are modified upward or downward, pursuant to Code Section 19-11-12. The proceeds of any collections resulting from such applications shall be distributed in accordance with the standards prescribed in the federal Social Security Act.

(f) The department shall be authorized to charge the obligee a federal Deficit Reduction Act of 2005 fee of $12.00 to be paid at the rate of $1.00 per month after the IV-D agency has collected $500.00 of child support annually for each case. The department shall retain such fee and deduct such fee from child support collections before disbursement to the obligee. Such fee shall only apply to an obligee who has never received public assistance payments pursuant to Title IV-A or Title IV-E of the federal Social Security Act.

(g) The department shall be authorized to charge the obligor a federal Deficit Reduction Act of 2005 fee of $13.00 to be paid in 12 monthly installments after the IV-D agency has collected $500.00 of child support annually for each case. Such fee shall only apply to an obligor when the obligee has never received public assistance payments pursuant to Title IV-A or Title IV-E of the federal Social Security Act. The department shall retain such fee and collect such fee through income withholding, as well as by any other enforcement remedy available to the IV-D agency responsible for child support enforcement.

[2] OCGA § 19-6-10 reads:

When spouses are living separately or in a bona fide state of separation and there is no action for divorce pending, either party, on the party's own behalf or on the behalf of the minor children in the party's custody, if any, may institute a proceeding by petition, setting forth fully the party's case. Upon three days' notice to the other party, the judge may hear the same and may grant such order as he might grant were it based on a pending petition for divorce, to be enforced in the same manner, together with any other remedy applicable in equity, such as appointing a receiver and the like. Should the petition proceed to a hearing before a jury, the jury may render a verdict which shall provide the factual basis for equitable relief as in Code Section 19-6-9. However, such proceeding shall be held in abeyance when a petition for divorce is filed bona fide by either party and the judge presiding has made his order on the motion for alimony. When so made, the order shall be a substitute for the aforesaid decree in equity as long as the petition is pending and is not finally disposed of on the merits.

having custody *to initiate any support action existing under the laws of this state* and to recover any payments ordered by the courts of this or any other state." Id. (Emphasis supplied.) See *Department of Human Resources v. Woodruff,* 234 Ga. App. 513 (507 SE2d 249) (1998). The assignment under OCGA § 19-11-6 (a) thus necessarily includes an assignment of Mother's right to initiate an action under OCGA § 19-6-10.

There is no dispute that Mother and Father are living separately and that there is no pending action for divorce, conditions set forth in OCGA § 19-6-10. Accordingly, the trial court erred in ruling that DHS could not bring an action under OCGA § 19-11-6 (a) on behalf of the child to secure a support award pursuant to the provisions of OCGA § 19-6-10.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 1, 2013.

*Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Mark J. Cicero, Assistant Attorney General,* for appellant.

Johnny B. Wright, *pro se.*