295 Ga. 113
FINAL COPY

S14A0510, A14A0512. WILLIAMS v. WILLIAMS (two cases).

MELTON, Justice.

The record shows that, following his divorce from Leanne Williams (Wife) on February 10, 2010, Christopher L. Williams (Husband) filed two motions: one to modify custody and reduce child support and another to hold Wife in contempt for violating Husband's custody and visitation rights as set forth in the parties' divorce decree. The motions were consolidated, and hearings were conducted on two separate dates. Following both hearings, the trial court, among other things, reduced Husband's child support obligations, made certain alterations to visitation, and awarded $2,000 in attorney fees to Wife.

In Case No. S14A0510, Husband appeals the trial court's ruling in his post-divorce action for modification of child custody and support, contending that the trial court erred by: (1) unduly limiting his new wife's ability to drive his child from place to place, (2) failing to issue an amended parenting plan pursuant to OCGA § 19-9-1, and (3) failing to include in its order certain

changes to the visitation schedule allegedly agreed upon by Husband and Wife. In Case No. S14A0512, with regard to the contempt action, Husband argues that the trial court erred by awarding $2,000 in attorney fees to Wife in the absence of sufficient evidence and findings to support the award.

Case No. S14A0510

1. In its order regarding visitation, the trial court states: "[Step-mother] shall provide transportation for the minor child to school on Monday[s] only. If the step-mother gets any driving offense, then this transportation arrangement will cease and the step-mother shall not be allowed to transport the minor child." Husband maintains that this restriction runs counter to statements made by the trial court during the hearing on the matter.

When considering a dispute regarding the custody of a child, "[a] trial court has very broad discretion, looking always to the best interest of the child." (Citation and punctuation omitted.) Autrey v. Autrey, 288 Ga. 283, 285 (4) (702 SE2d 878) (2010). This Court "will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, [we] will not find there was an abuse of discretion." Id. (citation and punctuation omitted). The transcript indicates that Husband did request that

2

his current wife be allowed to drive the parties' child on errands during visitation. Wife, however, objected on the basis that she believed that Husband's new wife might be under medication. As the trial court was orally explaining how it intended to rule at the end of the final hearing, Husband asked the trial court, "What about when [my child is] with us for a weekend or summer vacation, can he ride to the store with [his step-mother], to town or get something to eat?" The trial court responded, "I don't have any objection to that, but still any accident or moving violation will have to be reported immediately."

In the trial court's written order, however, Husband's new wife is only allowed to drive his child to school on Monday mornings. As Husband recognizes, an oral pronouncement by a trial court during a hearing is not a judgment until it is reduced to writing and entered as a judgment. Williams v. City of LaGrange, 213 Ga. 241 (1) (98 SE2d 617) (1957). An oral pronouncement of this type is not binding. It may provide insight on the intent of a later written judgment, but any discrepancy between the written judgment and oral pronouncement is resolved in favor of the written judgment. Blair v. Bishop, 290 Ga. App. 721 (2) (660 SE2d 35) (2008).

Under the circumstances of this case, the trial court's limitation of the

ability of Husband's new wife to drive the parties' child as discussed at the hearing appears to be an abuse of discretion. Although Wife testified that she had heard that Husband's new wife was taking medication and worried about her ability to drive, this testimony was speculation. And, while Husband testified that his new wife sometimes acted "crazy," there was no evidence that her driving was impaired. None of this testimony constitutes actual evidence supporting the trial court's decision. Furthermore, though the trial court indicated a desire to limit interaction between Wife and Husband's new wife, this concern has no bearing on the propriety of allowing Husband's new wife to drive the parties' child around town when there would be no interaction with Wife. Accordingly, we reverse the trial court's broad limitation on the driving privileges of Husband's new wife, and remand the case for further consideration of this issue consistent with this opinion. Autrey, supra.

The dissent erroneously contends that, because the trial court's order does not mention step-mother's ability to drive the child on other days at other times, it can be construed to allow this expanded driving. The dissent fills in the purported "silence" by adding to the trial court's directive in the following manner: "[Step-mother] shall provide transportation for the minor child to

4

school on Monday[s] only," but disregards the explicit limitation of destination, namely school, and the limitation of day, namely Monday, in the first half of this sentence and include the ability to drive the minor child on other days of visitation to all other locations. This construction is logically inconsistent to the point of being untenable. The dissent's desire to defer to the trial court's ruling is laudable; however, its analysis cannot create the harmony that would be required to do so.

2. Husband contends that the trial court's order modifying visitation failed to include a parenting plan required by OCGA § 19-9-1. OCGA § 19-9-1 (a) provides:

> Except when a parent seeks emergency relief for family violence pursuant to Code Section 19-13-3 or 19-13-4, in all cases in which the custody of any child is at issue between the parents, each parent shall prepare a parenting plan or the parties may jointly submit a parenting plan. It shall be in the judge's discretion as to when a party shall be required to submit a parenting plan to the judge. A parenting plan shall be required for permanent custody and modification actions and in the judge's discretion may be required for temporary hearings. The final decree in any legal action involving the custody of a child, including modification actions, shall incorporate a permanent parenting plan.

Fatal to Husband's argument, the trial court's order explicitly states that "[a]ll the terms and conditions of the original . . . Parenting Plan . . . [entered in the

5

underlying action for divorce] not modified herein, shall remain in full force and effect unless same conflicts with this order." Therefore, contrary to Husband's argument, the trial court's ruling in this case does, in fact, contain a parenting plan.

3. Husband argues that the trial court omitted from its final order a change in weekend visitation mutually agreed upon by both parties. Specifically, Husband contends that he and Wife informed the trial court that, when their child was visiting Husband on weekends during the school year, Husband should be allowed to keep the child through Sunday night and drop him off at school on Monday mornings. This contention is supported by the transcript. In fact, both Husband and Wife testified that they were already following this schedule, and both parties wished to continue it. In line with this wish, the trial court's order indicates that the child's step-mother may drive him to school on Monday mornings. This provision makes little sense if the trial court was not contemplating that Husband would retain custody through Sunday evening and through to Monday morning. Husband lives in Blue Ridge, Georgia, and Wife lives in Atlanta. Husband's new wife works in Atlanta, and it is most convenient for her to drop the parties' child at his school on Monday.

Under the circumstances, the order's provision as to the [Sunday to Monday] visitation schedule, to the extent that it reflected that [Husband's visitation would end on Sunday night], was not a valid exercise of the trial court's discretion but a mistake in reflecting a matter agreed upon by the parties. See generally OCGA § 19-9-5 (a) (parents may present an agreement "respecting any and all issues concerning custody of the child").

Moore v. Moore-McKinney, 297 Ga. App. 703, 709 (2) (b) (678 SE2d 152) (2009). Therefore, the trial court's omission of this modification to custody and visitation requires that its order be reversed with respect to this particular issue, and the trial court must reconsider this issue on remand. Id.

## Case No. S14A0512

4. Finally, Husband contends that the trial court erred by awarding $2,000 in attorney fees to Wife as part of the child custody action. Husband argues that Wife requested attorney fees only as part of the child custody action and assumes that the trial court intended to enter the award pursuant to OCGA § 19-9-3 (g). The trial court's order, however, is merely a form which states, in relevant part: "[Husband] and [Wife] having made a Motion for Attorney[ ] Fees, it is hereby ordered that: Wife recover $2,000 attorney[ ] fees from [Husband]." There is no statutory basis given, no statutory language used, and no findings of fact are presented. As a result, there is no way to be certain

7

whether the trial court awarded fees based on OCGA § 19-9-3 (g) or some other statute. Under these circumstances, we are compelled to vacate the award of attorney fees and remand the case for both a statement of the statutory basis for the fees as well as any required supporting facts. See, e.g., Moon v. Moon, 277 Ga. 375 (6) (589 SE2d 76) (2003).

Judgment affirmed in part and reversed in part, and case remanded with direction in Case No. S14A0510. All the Justices concur, except Hines, P. J., Hunstein and Nahmias, JJ., who concur in part and dissent in part. Judgment vacated and case remanded with direction in Case No. S14A0512. All the Justices concur.

HUNSTEIN, Justice, concurring in part and dissenting in part.

While I concur fully in Divisions 2, 3, and 4 of the majority opinion, I must respectfully dissent to Division 1 as affording insufficient deference to the trial court's rulings on issues concerning child custody and visitation. See generally Vines v. Vines, 292 Ga. 550 (2) (739 SE2d 374) (2013) (trial court's decision regarding requested modification of visitation rights must be affirmed if there is any evidence to support it). Accordingly, I concur in part and dissent

8

in part in the disposition of Case No. S14A0510, and I concur fully in the disposition of Case No. S14A0512.

In its Division 1, the majority opinion reverses that portion of the trial court's order regarding transportation of the minor child by the child's step-mother. This portion of the order allows the step-mother to "provide transportation for the minor child to school on Monday[s] only," and goes on to say that this arrangement "shall cease" if the step-mother "gets any driving offense." This is the entire substance of the single paragraph in the trial court's order regarding the transportation issue.

The transportation issue arose primarily because of the close proximity of the step-mother's place of employment to the child's elementary school, which is some 35 miles away from Husband and step-mother's home. The focus of the debate on the transportation issue was the extent to which the step-mother should be permitted to transport the child to and from school on the front and back ends of Husband's visitation. In recognition of Wife's concerns regarding the step-mother's use of prescription medication, and out of a desire to minimize any potential for contact between the step-mother and Wife, the trial court appears to have struck a reasonable compromise, allowing the step-mother to

transport the child to school on Monday mornings only, and not on any other days of Husband's visitation. Given the evidence that Husband told Wife that the step-mother's prescription medication "knocks her out," as well as the undisputed and substantial evidence of animosity between Wife and the step-mother, this resolution was not an abuse of discretion. See Vines, 292 Ga. at 552 (no abuse of discretion where there was evidence to support trial court's decision on visitation).

The majority does not take issue with this aspect of the trial court's ruling but rather finds fault with what it construes as the order's prohibition on the step-mother's ability to drive the child around town during his visitation with Husband. As noted by the majority, the trial judge expressly stated in the course of pronouncing his ruling that he would not prohibit such conduct, subject to the condition that any accidents or moving violations be immediately reported. The written order is completely silent on this issue, and the majority construes this silence as somehow contrary to the judge's statement at the hearing. Out of deference to the trial judge, however, I would construe this silence as being consistent with his earlier statement: there being nothing in the order to prohibit the step-mother from driving the child around during his visits with Husband,

2

the order should be construed as permitting it. At most, the order is ambiguous on this issue, which does not justify reversal by this Court, though it might merit clarification by the trial court if either of the parties so requested.

In sum, I believe strongly that this Court owes substantial deference to the decisions of trial judges who hear the evidence firsthand. For this reason, I also believe that we should endeavor where possible to harmonize any alleged variances between a trial judge's oral pronouncements and written orders. Applying these principles, I would affirm the trial court's order as to the issue addressed in Division 1.

I am authorized to state that Presiding Justice Hines and Justice Nahmias concur in this partial dissent.

Decided April 22, 2014.

Domestic relations. Pickens Superior Court. Before Judge Bradley.

C. Carlton Folsom. Bowers & Roch, Donald R. Roch II, for appellant.

Pickett, Pickett & Pickett, Will H. Pickett, Jr., for appellee.