HUNSTEIN, Justice,
concurring in part and dissenting in part.
While I concur fully in Divisions 2, 3, and 4 of the majority opinion, I must respectfully dissent to Division 1 as affording insufficient deference to the trial court’s rulings on issues concerning child custody and visitation. See generally Vines v. Vines, 292 Ga. 550 (2) (739 SE2d 374) (2013) (trial court’s decision regarding requested modification of visitation rights must be affirmed if there is any *117 evidence to support it). Accordingly, I concur in part and dissent in part in the disposition of Case No. S14A0510, and I concur fully in the disposition of Case No. S14A0512.
In its Division 1, the majority opinion reverses that portion of the trial court’s order regarding transportation of the minor child by the child’s step-mother. This portion of the order allows the step-mother to “provide transportation for the minor child to school on Monday[s] only,” and goes on to say that this arrangement “shall cease” if the step-mother “gets any driving offense.” This is the entire substance of the single paragraph in the trial court’s order regarding the transportation issue.
The transportation issue arose primarily because of the close proximity of the step-mother’s place of employment to the child’s elementary school, which is some 35 miles away from Husband and step-mother’s home. The focus of the debate on the transportation issue was the extent to which the step-mother should be permitted to transport the child to and from school on the front and back ends of Husband’s visitation. In recognition of Wife’s concerns regarding the step-mother’s use of prescription medication, and out of a desire to minimize any potential for contact between the step-mother and Wife, the trial court appears to have struck a reasonable compromise, allowing the step-mother to transport the child to school on Monday mornings only, and not on any other days of Husband’s visitation. Given the evidence that Husband told Wife that the step-mother’s prescription medication “knocks her out,” as well as the undisputed and substantial evidence of animosity between Wife and the stepmother, this resolution was not an abuse of discretion. See Vines, 292 Ga. at 552 (no abuse of discretion where there was evidence to support trial court’s decision on visitation).
The majority does not take issue with this aspect of the trial court’s ruling but rather finds fault with what it construes as the order’s prohibition on the step-mother’s ability to drive the child around town during his visitation with Husband. As noted by the majority, the trial judge expressly stated in the course of pronouncing his ruling that he would not prohibit such conduct, subject to the condition that any accidents or moving violations be immediately reported. The written order is completely silent on this issue, and the majority construes this silence as somehow contrary to the judge’s statement at the hearing. Out of deference to the trial judge, however, I would construe this silence as being consistent with his earlier statement: there being nothing in the order to prohibit the stepmother from driving the child around during his visits with Husband, the order should be construed as permitting it. At most, the order is *118 ambiguous on this issue, which does not justify reversal by this Court, though it might merit clarification by the trial court if either of the parties so requested.
Decided April 22, 2014.
C. Carlton Folsom, Bowers & Roch, Donald R. Roch II, for appellant.
Pickett, Pickett & Pickett, Will H. Pickett, Jr., for appellee.
In sum, I believe strongly that this Court owes substantial deference to the decisions of trial judges who hear the evidence firsthand. For this reason, I also believe that we should endeavor where possible to harmonize any alleged variances between a trial judge’s oral pronouncements and written orders. Applying these principles, I would affirm the trial court’s order as to the issue addressed in Division 1.
I am authorized to state that Presiding Justice Hines and Justice Nahmias concur in this partial dissent.