**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 7, 2014**

# In the Court of Appeals of Georgia

A14A0150. ADAME v. HERNANDEZ.

MILLER, Judge.

This case arises from the trial court's final order legitimating Jose Roberto Adame's twin daughters. The trial court's order also granted joint legal custody of the twins to Adame and their mother, Maria Hernandez; set out a detailed visitation schedule for both parents; and modified an existing child support order that was initiated through the Georgia Department of Human Resources Office of Child Support Enforcement ("DHR"). Adame appeals from the denial of his motion for new trial, contending that the trial court erred in (1) awarding primary physical custody of the twins to Hernandez; (2) allowing the joinder of DHR as a necessary party; and (3) calculating his child support obligation. For the following reasons, we affirm the trial court's award of custody and its finding that DRH was a necessary party to this

case. We reverse the trial court's child support award and remand this case with direction for the trial court to enter a child support award that includes written findings of fact with regard to the twins' best interest.

> When reviewing a child custody decision, this [C]ourt views the evidence presented in the light most favorable to upholding the trial court's order. As we consider [Adame's] claims, we are mindful that the Solomonic task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility.

(Footnote omitted.) *Mitcham v. Spry*, 300 Ga. App. 386 (685 SE2d 374) (2009).

So viewed, the record reflects that the twins were born on August 12, 2008. Starting in December 2008, Adame was ordered to pay $149 per week in child support in an active case involving DHR.

In October 2011, Adame filed a petition for legitimation in which he sought custody of the twins. Adame also sought an order terminating his existing child support obligation and requiring Hernandez to pay reasonable child support. Hernandez answered the petition and filed a counterclaim seeking to modify Adame's existing child support obligation.

2

In April 2012, the trial court entered a temporary order of legitimation and custody, providing for joint legal custody of the twins, awarding primary physical custody to Hernandez and granting weekly overnight visitation to Adame at his parents' home. The trial court's order, however, reserved the issue of child support until the final hearing in this case.

That same month, Hernandez filed a motion for joinder of DHR[1] as a necessary party with an interest in the case pursuant to OCGA § 19-11-6 (c). On August 7, 2012, the trial court granted the motion over Adame's objection, and DHR was made a party defendant in this case.

The final hearing in this case was held in October 2012. Hernandez testified at the hearing that she has sole custody of her three other children, who live with her and whom she supports with no other assistance. Hernandez further testified that she usually works from 7 p.m. to 7 a.m. on Monday, Tuesday and Wednesday, as well as some Thursdays. Hernandez pays $120 to $130 per week for child care for all five of her children.

---

[1] The motion requested joinder of the Conasauga office of the Georgia Division of Child Support Services. The Division of Child Support Services is a part of DHR. Accordingly, the trial court effectively ordered joinder of DHR as a party defendant.

3

Adame testified at the final hearing that he works between 32 and 48 hours per week at his first job, usually from 7 a.m. to 7 p.m. on Friday, Saturday and Sunday. Adame stated that he also works an additional 20 hours per week at a second job, usually during the day on Mondays and Tuesdays. Adame testified that he lives with his mother and younger brother, and Adame's mother helps care for the twins.

Following the hearing, the trial court entered its final order legitimating the twins and granting joint legal custody of the twins to Adame and Hernandez. The trial court further ordered Adame to pay $814 per month in child support. In determining child support, the trial court specifically found that Adame currently works two jobs, and has a gross monthly income of $3,149.72 per month; Adame pays $152.08 per month for medical insurance on the children; and the prior DHR support order was based on Adame's previous gross monthly income of $2,349.

1. Adame contends that the trial court erred in awarding custody of the twins to Hernandez. Specifically, Adame argues that the trial court should have adopted his suggested parenting plan due to his work schedule. We discern no error.

> In all cases in which the custody of any child is at issue between the parents, there shall be no prima-facie right to the custody of the child in the father or mother. There shall be no presumption in favor of any particular form of custody, legal or physical, nor in favor of either

4

parent. Joint custody may be considered as an alternative form of custody by the judge and the judge at any temporary or permanent hearing may grant sole custody, joint custody, joint legal custody, or joint physical custody as appropriate.

OCGA § 19-9-3 (a) (1). When considering a dispute regarding the custody of a child, "[a] trial court has very broad discretion, looking always to the best interest of the child." (Citation and punctuation omitted.) *Autrey v. Autrey*, 288 Ga. 283, 285 (4) (702 SE2d 878) (2010). This Court "will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, [we] will not find there was an abuse of discretion." (Citation and punctuation omitted.) Id.

Here, the trial court's final order specifically states:

[t]he parties shall have joint legal custody of [the twins]. As such, the parents shall consult with each other on major decisions concerning the children including but not limited to the children's education, health care, and religious training. In the event the parties cannot agree, then Mother shall have the authority to make the final decision. The mother's residence shall determine the school district for the children.

Contrary to Adame's contention, the trial court's order does not mention primary physical custody. The trial court had authority to award joint legal custody as an

5

alternative to granting primary physical custody. See OCGA § 19-9-3 (a) (1). Moreover, Adame admits that the twins' welfare and best interests require an award of joint legal custody to both parents. Accordingly, Adame has not shown that the trial court abused its discretion in awarding joint legal custody of the twins. Nevertheless, to the extent that Adame challenges the visitation provisions in the trial court's final order, we address his argument that the trial court abused its discretion in failing to adopt his parenting plan.

Here, the visitation schedule set out in the trial court's order provides that, at all times, the parties may mutually agree upon visitation provided that such visitation does not interfere with the twins' school or homework. The visitation schedule also provides for set visitation where the parties do not otherwise agree, including a provision that Adame shall have weekly visitation with the twins from 11:00 a.m. on Tuesday until 5:00 p.m. on Thursday. Moreover, the visitation provisions in the final order are nearly identical to the provisions in the trial court's temporary order which Adame does not challenge on appeal. Finally, the evidence supports the minimum weekly visitation provided for in the trial court's final order, which generally corresponds with Adame's and Hernandez's work schedules. Notably, the evidence shows that Hernandez works the night shift on Mondays, Tuesdays and Wednesdays,

while Adame works as much as 68 hours per week on Fridays through Tuesdays. Accordingly, Adame has not shown that the trial court abused its discretion.

2. Adame contends that the trial court erred in joining DHR as a necessary party. We disagree.

OCGA § 9-11-19, the Civil Practice Act rule for joinder of persons needed for just adjudication, provides:

> (a) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties; or (2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest; or (B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Here, the record shows that starting in December 2008, Adame was ordered to pay $149 per week in child support in a case involving DHR. DHR had an interest in this case and its absence could have impaired or impeded its ability to protect that interest. See *Ga. Dept. of Human Servs. v. Wright*, 293 Ga. 330, 331 (745 SE2d 628) (2013) (Department of Human Services is subrogated to right of child or person

7

having custody to recover any payments ordered by court of this State). Accordingly, Adame failed to show that the trial court abused is discretion in joining DHR as a party defendant.

3. Adame contends that the trial court erred in modifying his existing support obligation. We agree in part, because the trial court failed to make the required finding that an adjustment for Hernandez's qualified children was in the twins' best interest.

"The guidelines for computing the amount of child support are found in OCGA § 19-6-15 and must be considered by any court setting child support." (Citation and punctuation omitted.) *Stowell v. Huguenard*, 288 Ga. 628 (706 SE2d 419) (2011). "The child support guidelines . . . shall apply as a rebuttable presumption in all legal proceedings involving the child support responsibility of a parent." OCGA § 19-6-15 (c) (1).

The child support guidelines specifically provide that the "[g]ross income of each parent shall be determined in the process of setting the presumptive amount of child support and shall include all income from any source[.]" OCGA § 19-6-15 (f) (1) (A). The guidelines include a child support obligation table which shall be used in determining the parents' basic child support obligations. OCGA § 19-6-15 (a) (7),

(o). The guidelines provide that additional expenses for a child's health care insurance premiums and work-related child care costs shall be included in the calculations to determine child support. OCGA § 19-6-15 (h). The guidelines also contemplate an adjustment to a parent's monthly gross income based on a "[t]heoretical child support order for qualified children, if allowed by the court." OCGA § 19-6-15 (b) (2) (C), (f) (1) (A).

A qualified child is a child (1) for whom the parent is legally responsible and who lives in the parent's home; (2) that the parent is supporting; (3) who is not otherwise subject to a preexisting child support order; and (4) who is not the child before the trial court in the case under consideration. OCGA § 19-6-15 (a) (20). "Qualified children shall not include minors in the home that the parent has no legal obligation to support." Id. Adjustments to gross income for qualified children must be based on the best interest of the child for whom child support is being awarded. OCGA § 19-6-15 (f) (5) (C).

Here, in its final order, the trial court specifically found that Hernandez had a gross monthly income of $2,453.97, and she pays $52 per week for child care for the twins. The trial court also specifically found that Hernandez has three qualified children.

9

With regard to Adame, the trial court specifically found that he has a gross monthly income of $3,149.72 and he pays $152.08 per month for the twins' medical insurance. The trial court also found that the previous child support order through DHR was based on the father's then gross monthly income of $2,349 per month. Accordingly, the trial court concluded that Adame's financial status has substantially increased since that time.

(a) Adame argues that, in modifying his child support obligation, the trial court erroneously included his part-time income, and erred in allowing an adjustment for Hernandez's child care expenses.

As set forth above, the child support guidelines specifically provide that the gross income of each parent shall include income from all sources and that work-related child care costs shall be included in the calculations to determine child support. OCGA § 19-6-15 (f) (1) (A), (h). Accordingly, the trial court did not abuse its discretion in considering Adame's part-time income or in allowing an adjustment for child care expenses.

(b) Adame also argues that the trial court erred in granting Hernandez an adjustment for the qualified children living in her home.

Here, the trial court's order specifically found that Hernandez had three qualified children, and the evidence supports this finding. Notably, Hernandez testified at the hearing that she has sole custody of her three other children, who live with her and whom she supports with no other assistance.

In ordering Adame to pay increased child support in the amount of $814 per month, however, the trial court made no specific findings with regard to the actual monetary adjustment, if any, it made for Hernandez's qualified children. More importantly, the trial court failed to find that such an adjustment was in the twins' best interest. Because the child support guidelines require that an adjustment for qualified children must be based on the best interest of the children for whom child support is awarded, and the trial court failed to make this required finding, we have no choice but to reverse and remand the case to the trial court so that it can make the proper findings to support its award. See *Brogdon v. Brogdon*, 290 Ga. 618, 623 (5) (b) (723 SE2d 421) (2012) (written findings are mandatory under the revised child support guidelines).

(c) Adame also argues that the trial court should have considered the additional time he spends with the children in calculating his child support obligation. Pretermitting whether Adame has waived his contention by not citing any applicable

authority,[2] we note that, on remand, the trial court will have an opportunity to address this argument by setting out specific findings of fact with regard to the twins' best interests.

In sum, we conclude that the trial court did not abuse its discretion in awarding joint legal custody of the twins to both parents, or in setting out the visitation schedule. We also find that the trial court did not abuse its discretion in adding DHR as a party or modifying Adame's child support obligation based on his part-time income and Hernandez's child care expenses. We reverse the trial court's final order to the extent that it modified Adame's child support, however, and remand this case for entry of an order that includes specific written findings of fact stating that an adjustment for qualified children, if any, is in the twins' best interest.

*Judgment affirmed in part, reversed in part and case remanded. Doyle, P. J., and Dillard, J., concur.*

---

[2] Adame generally cites to OCGA § 19-6-15 (l), which is inapplicable in this case because that statutory provision applies to cases of split parenting, where the father has custody of one child and the mother has custody of another child.