# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2019

*The Court of Appeals hereby passes the following order:*

### A18A1720.   PRESTIGE NISSAN, INC. et al. v. AMERICAN BANKING COMPANY d/b/a AMERIS BANK.

Plaintiffs Prestige Nissan, Inc., M. Craig Hornsby, and Colby Hornsby filed suit against defendant American Banking Company d/b/a Ameris Bank. Ameris Bank answered and counterclaimed for expenses of litigation and attorney fees under OCGA §§ 13-6-11 and 9-15-14. After the plaintiffs failed to respond to discovery or comply with the trial court's order compelling discovery, Ameris Bank sought sanctions under OCGA § 9-11-37. In its motion for sanctions, Ameris Bank asked the trial court to strike the plaintiffs' complaint and dismiss their action with prejudice, hold the plaintiffs in contempt, and award attorney fees. The trial court granted Ameris Bank's motion for sanctions and dismissed the plaintiffs' complaint with prejudice. The plaintiffs then filed this direct appeal.[1] We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating

---

[1] Initially, the plaintiffs appealed from the trial court's order granting Ameris Bank's motion for sanctions and dismissing the plaintiffs' complaint and from the trial court's order striking the plaintiffs' previously filed notice of voluntary dismissal in Case No. A18A0234. The trial court, however, subsequently dismissed the appeal as to Prestige, and the plaintiffs thereafter filed an appeal from the trial court's dismissal order in Case No. A18A0204. This Court dismissed the appeal in Case No. A18A0204 as to M. Craig Hornsby and Colby Hornsby. See Case No. A18A0204 (September 19, 2017) and then entered an order in both appeals remanding the case to the trial court to complete the record. See Case Nos. A18A0204/A18A0234 (November 2, 2017). Upon completion of the record below, the action was reinstated as the instant appeal.

fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citation and punctuation omitted). Although the trial court dismissed the plaintiffs' complaint, Ameris Bank's counterclaims have not been adjudicated and apparently remain pending.[2] Therefore, the challenged order is not a final order, and it is appealable only through the interlocutory appeal procedure – including obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011) (dismissing appeal for failure to comply with interlocutory appeal procedure when trial court did not rule on plaintiff's "claim for attorney fees and costs"); see also *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012) (holding that case was still pending below when trial court reserved the issue of fees under OCGA § 13-6-11). The plaintiffs' failure to comply with the interlocutory appeal procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __01/30/2019__
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[2] At the hearing on Ameris Bank's motion for sanctions, the trial court stated that it would not impose any "monetary sanctions," but it failed to memorialize this pronouncement in its subsequent written order, and thus the court's oral statement is not binding. *Williams v. Williams*, 295 Ga. 113, 114 (1) (757 SE2d 859) (2014).