# Court of Appeals
# of the State of Georgia

ATLANTA, February 07, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0222. ADAM POOLE v. JAMISA POOLE.

Adam Poole and Jamisa Poole have two minor children together. In March 2021, the trial court entered an interlocutory order suspending Adam's visitation, denying his request to modify both his child support obligation and the court's prior contempt orders, and reserving Jamisa's request for attorney fees. On December 15, 2021, the trial court entered a final order adopting the terms of the interlocutory order and awarding Jamisa attorneys fees pursuant to OCGA § 19-6-2. On January 17, 2022, Adam filed this application for discretionary review. He seeks to challenge the trial court's rulings on custody and visitation, child support, arrearage payments, and attorney fees. We lack jurisdiction.

Pursuant to OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable. And visitation rights are a part of custody. *Vines v. Vines*, 292 Ga. 550, 551 (2) (739 SE2d 374) (2013). Ordinarily, when a party applies for discretionary review of a directly appealable order, this Court grants the application. See OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d), (j). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Adam's application was not filed until January 17, 33 days after the trial court's order, and it is therefore untimely.

Adam appears to contend that his application is timely because he was served with the trial court's order on December 16, 2021. But the relevant date for purposes of OCGA § 5-6-35 (d) is the date of "the entry of the order[.]"[1]

Adam also alleges the trial court entered a child support worksheet on December 16 and he purports to appeal from that worksheet. But the application materials show that the child support worksheet was incorporated into and made part of the December 15 order. See OCGA § 19-6-15 (m) (1) (providing that child support worksheets "shall be attached to the final court order or judgment"). And even if the child support worksheet was entered on December 16, child support worksheets are "prepared by the parties for purposes of calculating the amount of child support." OCGA § 19-6-15 (m). Such a worksheet is not an "order, decision, or judgment" of the trial court within the meaning of OCGA § 5-6-35 (d). Accordingly, the child support worksheet does not render this application timely.

For these reasons, Adam's application is untimely, and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 02/07/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
, *Clerk.*

---

[1] If, as Adam appears to suggests, his right to timely seek appellate review was frustrated due to a trial court error, his remedy is to petition the trial court to vacate and re-enter the order in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684, n. 3 (777 SE2d 475) (2015).