# Court of Appeals
# of the State of Georgia

ATLANTA,  April 09, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1173. SHENANDOAH EVANS v. HENDRIK VAN WELIE.

Shenandoah Evans and Hendrik van Welie divorced in 2014, and the trial court subsequently entered various orders modifying their child custody arrangements. In 2021, Evans filed a petition for citation of contempt, alleging that van Welie was not allowing her to visit with their minor children in accordance with the latest custody order. On September 27, 2023, the trial court denied Evans's petition for citation of contempt, but reserved ruling on the parties' requests for attorneys fees under OCGA § 9-15-14. On January 5, 2024, the court awarded van Welie attorney fees under OCGA § 9-15-14 (b) and denied Evans's request for fees. Evans filed this appeal on February 1, 2024. We lack jurisdiction.

OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days of entry of the order on appeal. In this case, the trial court entered its final order on the contempt proceeding on September 27, 2023,[1] and Evans filed her notice of appeal 127 days later. Notably, although the trial court reserved ruling on the issue of attorney fees under OCGA § 9-15-14, the pendency of that issue did not toll the time for Evans to file an appeal. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002).

---

[1] Under OCGA § 5-6-34 (a) (11), direct appeals are permitted from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." See *Vines v. Vines*, 292 Ga. 550, 551 (2) (739 SE2d 374) (2013) ("visitation rights are a part of custody").

"A proper and timely filed notice of appeal is an absolute requirement to confer jurisdiction upon this Court." Id.

The notice of appeal is timely as to the trial court's January 5, 2024 order granting attorney fees under OCGA § 9-15-14. However, appeals from orders granting or denying attorney fees and litigation expenses under OCGA § 9-15-14 must be made by discretionary application. See OCGA § 5-6-35 (a) (10). Compliance with the discretionary appeals procedure is also jurisdictional. *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Because the appeal is not timely to the September 27, 2023 order and Evans failed to follow the proper appellate procedure to seek review of the January 5, 2024 order, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___04/09/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*